[No. B211969. Second Dist., Div. Seven. Mar. 3, 2010.]

HECTOR MENDOZA, Plaintiff and Appellant, v.
SARA RAMOS, Defendant and Respondent;
LOS ANGELES COUNTY CHILD SUPPORT SERVICES DEPARTMENT,
Intervener and Respondent.

COUNSEL

Daniel G. McMeekin for Plaintiff and Appellant.

Tammy Nakada for Defendant and Respondent and for Intervener and Respondent.

OPINION

ZELON, J.—After his petition to modify custody led to a change in child support payments, appellant Hector Mendoza appealed, claiming that, for purposes of determining child support, income should be attributed to respondent Sara Ramos. Ramos is a recipient of CalWORKs (California Work

Opportunities and Responsibility to Kids), in compliance with the terms of that program. The trial court properly declined to attribute income to her.

## FACTUAL AND PROCEDURAL BACKGROUND

Mendoza and Ramos are the parents of four children, all of whom were minors at the time of the proceedings in the trial court. Although they never married, paternity was established in 2001, the parties stipulated to a custody order in 2003, and the court entered judgment ordering Mendoza to pay child support of $297 per month in July 2005.

In February 2007, Mendoza sought to modify the custody and support orders, asserting that the children in fact spent the majority of their time with him, and wished to continue to do so, although the custody order placed the children with him only 50 percent of the time. Ramos opposed the modification, and asserted that Mendoza was in arrears in payments, and wished to terminate his obligation to provide any child support. In her declaration, she stated she received AFDC (Aid to Families with Dependent Children), and the child support had, as a result, been assigned to the district attorney's office.[1] She also claimed that the children wished to spend all of their time in her custody, and that Mendoza did not provide for them when they were with him. Finally, she stated that she would be completing an educational program to become a licensed vocational nurse in June 2007. Her income and expense declaration showed public assistance to be her sole income.

The court heard the matter on September 4, 2008. Mendoza, in his pleadings, requested that neither party pay child support, based on his claim that the calculation should be based on Ramos's ability to earn, rather than her actual income. He reasoned that her pursuit of educational endeavors was voluntary and not in the best interests of the children. Ramos, in her papers and supporting declaration, opposed the request on the grounds that the time-share should not change, and that the support calculation should not include any attributed income. She asserted that Mendoza had made no child support payments for several years.

At the hearing on September 4, 2008, both parties were present and sworn as witnesses, although neither gave any testimony. Although there was significant discussion about Mendoza's actual income, the parties ultimately stipulated to $2,700 per month as the figure to be used for the child support calculation. In response to Mendoza's request to impute earnings at the

---

[1] The Los Angeles County Child Support Services Department also filed a responsive declaration, indicating that any support order was to be made payable to the state, and requesting service of all orders and stipulations.

minimum wage to Ramos, Ramos's counsel objected, explaining that the CalWORKs program requires counseling and educational programming in lieu of full-time employment. She also explained that Ramos had not voluntarily left her former employment, but had lost her job when her employer moved out of state, and had been unable to find new employment. Counsel further argued both that Mendoza had also lowered his earnings by becoming self-employed, and that his failure to pay support as ordered had contributed to Ramos's need to seek public assistance. The court determined that it would not attribute income because Ramos was receiving CalWORKs, and ordered Mendoza to pay child support in the amount of $873 per month commencing September 1, 2008. Mendoza timely appealed.

## STANDARD OF REVIEW

Modification of custody and child support orders " 'rests in the sound discretion of the trial court the exercise of which this court will not disturb unless as a matter of law an abuse of discretion is shown.' " (*In re Marriage of Ilas* (1993) 12 Cal.App.4th 1630, 1634 [16 Cal.Rptr.2d 345] (*Ilas*), quoting *Philbin v. Philbin* (1971) 19 Cal.App.3d 115, 119 [96 Cal.Rptr. 408].) We review the record to determine if the court's order is supported by substantial evidence and if a reasonable court could have made the order. If so, we will affirm. (*In re Marriage of Berger* (2009) 170 Cal.App.4th 1070, 1079 [88 Cal.Rptr.3d 766].)

## DISCUSSION

Mendoza raises two issues on appeal. First, he claims the court should have attributed earnings to Ramos, relying primarily on *Ilas*. Second, he asserts that the court ruled without taking testimony on certain issues and that he was improperly denied the right to cross-examine Ramos, citing *Elkins v. Superior Court* (2007) 41 Cal.4th 1337 [63 Cal.Rptr.3d 483, 163 P.3d 160].

*The Court's Refusal to Attribute Income to a Parent Receiving CalWORKs Assistance Was Proper*

■ Parents have the obligation to support their minor children. Even when, after a child support order is made, the income of the parents changes, that obligation continues. Accordingly, a court may properly consider not

only actual income, but earning capacity where a parent becomes unemployed or underemployed, provided doing so is consistent with the best interests of the children. (Fam. Code, § 4058, subd. (b).)[2]

"Earning capacity is composed of (1) the ability to work, including such factors as age, occupation, skills, education, health, background, work experience and qualifications; (2) the willingness to work exemplified through good faith efforts, due diligence and meaningful attempts to secure employment; and (3) an opportunity to work which means an employer who is willing to hire. . . . [¶] . . . When the ability to work or the opportunity to work is lacking, earning capacity is absent and application of the standard is inappropriate. When the payor is *unwilling* to pay and the other two factors are present, the court may apply the earnings capacity standard to deter the shirking of one's family obligations." (*In re Marriage of Regnery* (1989) 214 Cal.App.3d 1367, 1372–1373 [263 Cal.Rptr. 243], citations omitted.)

In *Ilas*, the father, who was responsible for spousal and child support, quit his job and entered medical school. He sought modification of his support obligation to reflect his reduced earnings. The trial court denied his request, reasoning that he did not have the right to eliminate his earning capacity at the expense of his ex-wife and children. On appeal, the issue was whether the court could consider earning capacity, rather than actual earnings, only if the loss of earnings reflected conduct intended to evade the support obligations. (*Ilas, supra*, 12 Cal.App.4th at p. 1635.) The court concluded that intentional avoidance was not required. (*Id.*, at pp. 1638–1639.)

Relying on *Ilas*, Mendoza asserts that income can be attributed to Ramos because she is pursuing an education rather than working. His argument cannot succeed, however, for two reasons.

First, Mendoza has not demonstrated that Ramos has the ability to earn the income he seeks to impute. (*In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1294 [83 Cal.Rptr.3d 72].) The party seeking to have income imputed bears the burden of demonstrating opportunity to earn that income: the burden "cannot be met by evidence establishing merely that a spouse continues to possess[] the skills and qualifications that had made it possible to earn a certain salary in the past—even where it was undisputed that the spouse had voluntarily left that prior position." (*In re Marriage of Berger, supra*, 170 Cal.App.4th at p. 1079.) It is not sufficient to demonstrate only what the party had been making before the loss of income; the moving party must also adduce evidence of vocational abilities and employment

---

[2] Family Code section 4058, subdivision (b) states: "The court may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children." All further statutory references are to the Family Code.

opportunities. (*Bardzik, supra,* 165 Cal.App.4th at p. 1295.) The evidence in the record in this case, far from demonstrating that Ramos could find employment, shows only that she was unable to do so and was forced to seek public assistance. (Cf. *In re Marriage of LaBass & Munsee* (1997) 56 Cal.App.4th 1331 [66 Cal.Rptr.2d 393] [moving party demonstrated credential, job opportunities, and salary].) Mendoza introduced no evidence that Ramos had the skills or opportunity to earn the income he sought to have the court impute to her, and, accordingly, failed to meet his burden of proof.

■    Moreover, imputation of income to a parent on CalWORKs would be contrary to public policy. The CalWORKs program, often described as "welfare-to-work," provides benefits to families with minor children where the parents are unable to provide their support. To maintain the benefits, the recipient must participate in designated activities, a process which begins with an unsuccessful job search or a determination that a search would not be successful. After assessment of the participant, a specific program and menu of services is designed; failure to participate can result in the loss of plan benefits. Broadly stated, the goal of the program is to achieve the ability of the parent to provide support: "Since CalWORKs requires, wherever possible, that the parent seek or prepare for employment, an unemployed parent who is in compliance with his or her CalWORKs plan is, in effect, in the process of seeking employment." (*Barron v. Superior Court* (2009) 173 Cal.App.4th 293, 300 [92 Cal.Rptr.3d 394].)

■    In *Barron*, the issue before the court was whether a "seek work" order pursuant to section 4505 could be made against a parent in a CalWORKs program. The trial court made such an order, but the Court of Appeal reversed, holding that the order was an abuse of discretion because it would interfere with or jeopardize the completion of the program. The same would be true here: although the order Mendoza sought was not a "seek-work" order, the requested elimination of his obligation to pay child support based on imputed income would leave Ramos without the ability to complete her program, or, at the very least, would require her to work in violation of the provisions that allowed her to receive the assistance necessary to support the children. The trial court did not abuse its discretion in refusing the requested order.[3]

---

[3] The trial court appeared to conclude that Ramos had been required to receive public assistance because of Mendoza's ongoing failure to pay child support. While this may be a logical conclusion, it is supported only by the argument of counsel. However, Ramos's reasons for seeking public assistance are irrelevant to the resolution of this matter; the order is not an abuse of discretion. We affirm the result, not the reasoning of the trial court. (*Day v. Alta Bates Medical Center* (2002) 98 Cal.App.4th 243, 252, fn. 1 [119 Cal.Rptr.2d 606].)

*Mendoza's Rights Were Not Violated*

█ Mendoza also argues that he was improperly deprived of the right to cross-examine Ramos at the hearing. While he is correct that *Elkins*, confirms the rights of litigants in family law matters to the protections afforded in other civil proceedings (*Elkins v. Superior Court, supra*, 41 Cal.4th at p. 1345), his argument is misplaced in this case. Neither Mendoza nor Ramos requested live testimony at the hearing, nor did Mendoza indicate to the court that he wished to have the opportunity to examine Ramos. Instead, the parties relied on their filings, and on the arguments of counsel. Having failed to request testimony, Mendoza has forfeited his right to obtain relief. (*Estate of Westerman* (1968) 68 Cal.2d 267, 279 [66 Cal.Rptr. 29, 437 P.2d 517] [issues not raised in the trial court may not be raised for the first time on appeal].) The trial court did not err.

## DISPOSITION

The order is affirmed. Each party is to bear its own costs.

Perluss, P. J., and Woods, J., concurred.