Filed 6/29/18

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| In re the Marriage of WILLIAM and DIANE BINETTE. | |
| WILLIAM BINETTE, <br><br>      Appellant, <br><br> v. <br><br> DIANE BINETTE, <br><br>      Respondent. | E068010 <br><br> (Super.Ct.No. HED1500698) <br><br> OPINION |

APPEAL from the Superior Court of Riverside County.  James T. Warren, Judge.

(Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art.

VI, § 6 of the Cal. Const.)  Affirmed.

Westover Law Group, Andrew L. Westover and Morgan Cahill-Marsland for

Appellant.

Julie M. Clark for Respondent.

In this family law matter between William Binette (husband) and Diane Binette

(wife), husband appeals from an order setting aside a default judgment that incorporated a

marital settlement agreement (MSA).  He contends the trial court erred by considering

1

evidence not presented, submitted, or admitted at the hearing, in violation of Family Code[1] section 217. He further asserts that the court erroneously relied upon an incorrect legal standard when it found the failure to complete preliminary and final disclosures provided sufficient grounds to vacate the judgment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Husband and wife were married on February 14, 2002, and they separated on January 1, 2015. On July 21, 2015, husband petitioned the court for legal separation and filed a preliminary declaration of disclosure, which included (1) his separate property declaration (Form FL-160); (2) his community and quasi-community property declaration (Forms FL-160 & FL-161); and (3) his income and expense declaration (Form FL-150). Nine days later, a notice and acknowledgment of receipt of the petition and husband's preliminary disclosures was filed; however, wife did not respond to the petition.

On August 24, 2015, the parties filed a stipulation and waiver of final declaration of disclosure (stipulation). According to the stipulation, the parties agreed that they had complied with Family Code sections 2102 and 2104; that they completed and exchanged a current income and expense declaration; that they entered into the stipulation knowingly, intelligently, and voluntarily; and that if they failed to comply with the legal disclosure obligations, "the court will set aside the judgment." Husband's attorney also caused to be filed a declaration stating that service of wife's preliminary declaration of disclosure was being filed simultaneously.

---

[1] All further statutory references are to the Family Code.

2

On September 25, 2015, husband requested entry of default. He did not attach either a completed income and expense declaration or financial statement because, according to him, there were no changes since the previous filing and any issues were resolved by the MSA. On November 10, 2015, a judgment of legal separation was entered and the property was divided as set forth in the MSA, attached to the judgment.

On July 12, 2016, wife filed a request for order to set aside the default judgment and MSA (Fam. Code, § 2122, subds. (d) & (e)), and to file a response and request for dissolution of marriage (RFO). In a supporting declaration, wife stated as follows: She received husband's documents the same day he "personally drove [her] to a notary," where he demanded that she sign them "in his presence." Husband also demanded that wife sign the MSA on July 23, 2015, "the same day that he handed [her] his Declaration of Disclosure . . . ." Wife pointed out that neither husband's property declaration nor his income and expense declaration contained any documents to support them, "so [she] had to rely on [his] representations of the value of the assets." Wife opined that "husband was directing [her] to sign documents that were lies." She declared that "[a]ll documents that [she] signed in the Legal Separation case were prepared by [her] husband and/or his attorney." She denied having any opportunity to consult with an attorney "outside of [her] husband's presence about whether [she] should agree to [his] demands that [she] waive spousal support after [their] long-term marriage, or any of the other terms of the MSA." Wife was also denied the opportunity to consult with a tax professional. When she filed taxes in April 2016, she "learned that the terms of the MSA converted the equalization payments from a tax-free equalization payment into a payment that is

3

taxable to me and tax-deductible to [husband]." Because she suffers from depression, her ability to act in her own best interest was impaired. Wife also filed a memorandum of points and authorities and an income and expense declaration. And, she lodged the declaration of her primary care physician who confirmed that she suffers from depression that is "associated with significant cognitive impairment."

In February 2017, husband opposed wife's RFO, filing an income and expense declaration with a copy of his 2016 tax returns, a memorandum of points and authorities, and a responsive declaration. In his declaration, husband asserted that "90% of the terms" of their settlement were made by wife. Husband challenged wife's need for spousal support. He declared that "[a]ll appropriate disclosure documents were exchanged; she had more than enough time to review the disclosure documents; our spousal support order was fully negotiated; she had the ability to get her own attorney and/or tax expert; she did not suffer from a cognitive impairment"; and "she insisted on driving us to the notary." According to husband, wife did not want spousal support because she "was actually in fear of having to pay [husband] . . . ."

On February 9, 2017, wife replied to husband's opposition, reiterating her request to vacate the judgment due to husband's failure to disclose relevant information, mistake of fact as to both parties, and the complication of wife's depression. In support of her reply, wife lodged husband's responses to her discovery requests. According to the documents lodged, husband objected to most of wife's discovery requests, agreeing to respond to specified discovery only if the judgment is set aside.

4

The matter was heard on February 16, 2017, and on March 9, 2017, the trial court granted wife's RFO on the grounds of mistake of fact.

## II.  DISCUSSION

### A.  Applicable Legal Principles.

"Marriage creates a fiduciary relationship between spouses.  [Citations.]  The confidential relationship between spouses 'imposes a duty of the highest good faith and fair dealing on each spouse . . . .'  [Citation.]  As part of these obligations, each spouse is required to provide the other spouse with access to all books regarding transactions for purposes of inspection and copying [citation], and rendering upon request 'true and full information of all things affecting any transaction which concerns the community property.'  [Citation.]  Additionally, spouses must make full and accurate disclosure and account for separate and community property.  [Citations.]  The duty of disclosure 'includes the obligation to make full disclosure to the other spouse of all material facts and information regarding the existence, characterization, and *valuation* of all assets in which the community has or may have an interest . . . .'  [Citation.]

"The parties also have 'a continuing duty to update and augment that disclosure to the extent there have been any material changes so that at the time the parties enter into an agreement for the resolution of any of these issues . . . each party will have as full and complete knowledge of the relevant underlying facts as is reasonably possible . . . .'  [Citation.]  The final declarations of disclosure must include, among other items, '[a]ll *material* facts and information regarding the *valuation* of all assets that are contended to be community property or in which it is contended the community has an interest.'

5

[Citation.]" (*In re Marriage of Brewer & Federici* (2001) 93 Cal.App.4th 1334, 1342-1344, fns. omitted.)

Section 2122 governs motions to set aside judgments in dissolution proceedings. Under this statute, there are six grounds to set aside a judgment: actual fraud, perjury, duress, mental incapacity, mistake, or failure to comply with the disclosure requirements. (§ 2122, subds. (a)-(f).) "To set aside a stipulated or uncontested judgment based upon mistake, the mistake may be 'either mutual or unilateral, whether mistake of law or mistake of fact.' [Citation.]" (*In re Marriage of Brewer & Federici*, *supra*, 93 Cal.App.4th at pp. 1344-1345.) "In addition to establishing mistake, the party seeking relief must also establish that 'the facts alleged as the grounds for relief materially affected the original outcome and that the moving party would materially benefit from the granting of the relief.' [Citation.]" (*Id*. at p. 1345.)

An order granting a motion to set aside a judgment under section 2122 is reviewed under an abuse of discretion standard. (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682-683.)

**B. The Trial Court Did Not Violate Section 217.**

Husband contends the trial court erred by failing to receive live testimony in contravention of section 217. He faults the court for allowing wife to "'rest on the pleadings,'" instead of presenting evidence, and he argues that while this "may have been an acceptable practice prior to the passage of [section] 217 . . . it does not accord with the clear mandate of [*In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262 (*Shimkus*)]." We conclude the trial court did not violate section 217.

6

For decades, practitioners have enjoyed the informality and flexibility afforded in marital dissolution proceedings. Nonetheless, these proceedings are governed by the same statutory rules of evidence and procedure applicable in other civil actions. (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1354 (*Elkins*); § 210 ["the rules of practice and procedure applicable to civil actions generally . . . apply to, and constitute the rules of practice and procedure in, proceedings under [the Family Code]"].)

In *Elkins*, the Supreme Court reiterated the supremacy of statutory rules of evidence and procedure when it struck a local court rule that called for the admission of declarations in lieu of direct testimony at trial. The Supreme Court found that the local court rule was inconsistent with the well-established rule that "declarations constitute hearsay and are inadmissible at trial, subject to specific statutory exceptions, unless the parties stipulate to the admission of the declarations or fail to enter a hearsay objection. [Citations.]" (*Elkins*, *supra*, 41 Cal.4th at p. 1354.) One of those statutory exceptions to the hearsay rule is Code of Civil Procedure section 2009, which authorizes affidavits or declarations in certain motion matters. (*Elkins*, *supra*, at p. 1355.) However, this "'section only applies to matters of procedure,—matters collateral, ancillary, or incidental to an action or proceeding,—and has no relation to proof of facts the existence of which are made issues in the case, and which it is *necessary to establish to sustain a cause of action.*' [Citations.]" (*Ibid.*) The Supreme Court concluded that "consistent with the traditional concept of a trial as reflected in provisions of the Evidence Code and the Code of Civil Procedure . . . [the local rule] calling for the admission and use of declarations at trial conflict[s] with the hearsay rule." (*Id.* at pp. 1359-1360.) It therefore held that

courts may not prohibit oral testimony or require the parties to present their case at trial by written declarations. (*Id*. at pp. 1355-1357.)

In response to *Elkins*, the California Legislature enacted section 217 (Stats. 2010, ch. 352, § 3) to alleviate the harsh effects stemming from the common practice of family law courts seeking to expedite family law proceedings by requiring litigants to rely primarily on written declarations in lieu of introducing live testimony. (Sen. Com. on Judiciary, com. on Assem. Bill No. 939 (2009-2020 Reg. Sess.) Sept. 27, 2010.) Section 217, in relevant part, provides: "(a) At a hearing on any order to show cause or notice of motion brought pursuant to this code, absent a stipulation of the parties or a finding of good cause pursuant to subdivision (b), the court shall receive any live, competent testimony that is relevant and within the scope of the hearing and the court may ask questions of the parties. [¶] (b) In appropriate cases, a court may make a finding of good cause to refuse to receive live testimony and shall state its reasons for the finding on the record or in writing. The Judicial Council shall, by January 1, 2012, adopt a statewide rule of court regarding the factors a court shall consider in making a finding of good cause."[2] The purpose of section 217 is to encourage reliance on live, rather than

---

[2] The Judicial Council adopted California Rules of Court, rule 5.113 which, in relevant part, provides:
"(a) Purpose
"Under Family Code section 217, at a hearing on any request for order brought under the Family Code, absent a stipulation of the parties or a finding of good cause under (b), the court must receive any live, competent, and admissible testimony that is relevant and within the scope of the hearing.
"(b) Factors

8

written, testimony in family law proceedings.  (Sen. Com. on Judiciary, com. on Assem. Bill No. 939 (2009-2020 Reg. Sess.) Sept. 27, 2010.)

The February 16, 2017, proceeding at issue in the present case did not involve a contested marital dissolution trial, as was the issue in *Elkins*.  It involved a hearing that falls under section 217, which gives the parties the right to present live testimony instead of relying on declarations.  However, section 217 does not mandate live testimony when the parties indicate their desire to rely solely on declarations.  Rather, the right to live testimony may be forfeited.  (*Mendoza v. Ramos* (2010) 182 Cal.App.4th 680, 687 (*Mendoza*).)  The *Mendoza* case involved a child support action, in which the father argued that the trial court improperly denied him the right to cross-examine the mother at a hearing on his petition.  (*Id.* at pp. 682-683, 684.)  The court noted that while *Elkins*

---

"In addition to the rules of evidence, a court must consider the following factors in making a finding of good cause to refuse to receive live testimony under Family Code section 217:

"(1)  Whether a substantive matter is at issue—such as child custody, visitation (parenting time), parentage, child support, spousal support, requests for restraining orders, or the characterization, division, or temporary use and control of the property or debt of the parties;

"(2)  Whether material facts are in controversy;

"(3)  Whether live testimony is necessary for the court to assess the credibility of the parties or other witnesses;

"(4)  The right of the parties to question anyone submitting reports or other information to the court;

"(5)  Whether a party offering testimony from a non-party has complied with Family Code section 217(c); and

"(6)  Any other factor that is just and equitable.

"(c)  Findings

"If the court makes a finding of good cause to exclude live testimony, it must state its reasons on the record or in writing.  The court is required to state only those factors on which the finding of good cause is based."  (Cal. Rules of Court, rule 5.113 (a), (b), (c), bolding omitted.)

9

"confirms the rights of litigants in family law matters to the protections afforded in other civil proceedings," neither party "requested live testimony at the hearing, nor did [the father] indicate to the court that he wished to have the opportunity to examine [the mother]. Instead, the parties relied on their filings, and on the arguments of counsel." (*Mendoza*, *supra*, at p. 687.) Thus, because the father failed to request testimony, the court concluded he forfeited his right to obtain relief. (*Ibid*.) This is because issues not raised in the trial court may not be raised for the first time on appeal. (*Ibid*.)

In the present case, neither party presented live testimony at the hearing. The court began the hearing by confirming that both husband and wife had been sworn in. In response to the court's inquiry of a time estimate, wife's counsel replied: "If the Court could give us a preliminary—an indication of the Court's intended, I may just rest on the pleadings." Husband's counsel replied, "Probably 15 minutes—ten, 15 minutes, if it's just going to be attorney argument." The following exchange then occurred:

"THE COURT: Nobody is presenting any testimony?

"[HUSBAND'S COUNSEL]: I believe that testimony may be necessary depending on the tentative of the Court, but our position is . . . that this judgment is ironclad.

"THE COURT: I'm sorry?

"[HUSBAND'S COUNSEL]: Our position—

"THE COURT: I know what your position is. I'm trying to get a time estimate . . . I know very well what your position is. I've read the paperwork. In fact, I guess I should [recite] on the record what I read." The court then recited each of the

10

documents it had reviewed and considered.[3]  Wife's counsel observed, "I believe the Court has recited every document that's been filed in this case since I filed our initial documents in July."

The court invited wife's counsel to proceed:

"[WIFE'S COUNSEL]:  Thank you, Your Honor.  I—in my belief, this has been adequately pled supported by the testimony of [wife], and I am willing to rest on the pleadings, sir.

"THE COURT:  Thank you.  This is a very important issue, obviously, involving basically all of the assets as well as spousal support, and so it's a very important issue, and I want you to understand that.  [Wife's counsel], anything else?

"[WIFE'S COUNSEL]:  If the Court has any questions he would like to direct my client, I would be open to that as well.

"THE COURT:  Thank you.  [Husband's counsel]?

"[HUSBAND'S COUNSEL]:  Yes, Your Honor.  As you can see from the judgment, it's extensive.  It has all the necessary waivers in it.  She waived disclosures

---

[3]  "I have read a motion [to set aside judgment and MSA, etc.] that was filed on July 12th, 2016; I have read—I have reviewed an FL160 that was filed July 21, 2015 . . . I think actually it was attached to the motion.  I have reviewed points and authorities that were filed August 1, 2016 by . . . [¶] . . . [¶]  —by [wife]; I have reviewed an Income and Expense Declaration filed September 21, 2016 by [wife]; I have reviewed an Income and Expense Declaration filed by [wife], February 3rd, 2017; I have reviewed a responsive declaration filed February 3rd, 2017; I have reviewed a memorandum of points and authorities filed February 3rd, 2017; I have reviewed an Income and Expense Declaration filed by [husband], February 3rd, 2017; I have reviewed respondent's points and authorities in reply filed by [wife], February 9th, 2017; and I have reviewed a notice of lodgment of evidence in support of respondent's points and authorities in reply filed February 9th, 2017, by [wife]."

11

regarding value, she waived her right to seek Counsel, she waived her right to further discovery. There's acknowledgments contained within the judgment that she is fully and completely informed, it's voluntary, free from fraud, undue influence, coercion, or duress. . . ." Husband's counsel continued, contesting wife's claims and referring to documents that he had filed with the court. Regarding wife's claim that she suffered from depression, husband's counsel argued that her physician's declaration is hearsay and assumes facts not in evidence. Otherwise, counsel submitted. Husband's counsel never objected to the court considering the documents filed. Instead, his argument repeatedly referenced the documents filed on husband's behalf, and observed that husband "disputes [wife's] facts in his declaration."[4] Husband's counsel further offered that husband is able to testify about the parties' actions regarding the judgment and MSA.

Following argument, the trial court took the matter under submission. Wife's request was granted and the judgment was set aside.

According to husband, absent live testimony there was no evidence presented to support the trial court's ruling. Not so. While section 217 requires the court to receive "relevant" testimony that is "within the scope of the hearing" when offered by the parties (§ 217, subd. (a)), it does not foreclose the parties from submitting evidence through other means, such as declarations, pleadings, etc. (§ 210 ["the rules of practice and procedure applicable to civil actions generally . . . apply to, and constitute the rules of

---

**4** Husband contends that "[b]y relying on Wife's declaration, without it being offered at the hearing, allowing objections, or subjecting Wife to cross examination, the trial court effectively denied Husband the basic right of due process." However, husband's reliance on his own declaration and other filed documents at the hearing belies this claim; husband is disingenuous to fault the trial court for doing the same that he did.

12

practice and procedure in, proceedings under this [Family] code."]; Code Civ. Proc., § 2009 ["An affidavit may be used . . . upon a motion."].)  If husband wanted to testify or examine wife, he could have informed the court of his intent to do so.  He did not.  Rather, he stated:  "I believe that testimony may be necessary depending on the tentative of the Court, but our position is . . . that this judgment is ironclad."  The court responded by informing the parties of each document it had read and reviewed.  Husband never indicated that the contingency he anticipated—that live testimony is necessary—had occurred, nor did he explicitly request to present live testimony.

Nonetheless, citing *Shimkus*, *supra*, 244 Cal.App.4th at pages 1270 through 1271, husband maintains that the trial court erred in relying on evidence in wife's declarations when they were never admitted into evidence.  In *Shimkus*, the husband moved for a postjudgment order terminating spousal support.  (*Id*. at p. 1266.)  Both parties submitted declarations.  At the start of the hearing, the wife sought a ruling on her objections to the husband's declarations, but the trial court replied that "it would take oral testimony and would rule on any objections made when questions were asked."  (*Ibid*.)  Following testimony, and during closing argument, the wife referenced her declaration as containing specific evidence; however, the court stated "the evidence in the hearing was the testimony and documents admitted, and '[n]othing else.'"  (*Id*. at p. 1267.)  The court took the matter under submission and later granted the husband's motion.  Regarding the declarations, the court characterized them as "'un-received evidence,'" ruling that "the only evidence was that presented by oral testimony and exhibits introduced into evidence."  (*Ibid*.)

On appeal, the wife challenged the trial court's failure to "automatically" admit the declarations. (*Shimkus*, *supra*, 244 Cal.App.4th at pp. 1269-1270.) Rejecting her challenge, our colleagues in Division Three held that section 217 requires live testimony, "except under limited circumstances, i.e., the parties' stipulation or good cause." (*Id.* at p. 1270.) In support of its holding, the appellate court relied on the trial court's clear direction to the parties that it would be "hearing the testimony orally . . . ." (*Ibid.*) Under such command, the parties needed to present live testimony, seek a stipulation to allow the admission of the declarations, or seek to have the declarations admitted into evidence. (*Id.* at pp. 1270-1271.) Because none of these actions were taken, the appellate court found that the "declarations were not automatically in evidence nor did the [trial] court err in not admitting them under the circumstances of this case." (*Id.* at p. 1271.)

The facts in *Shimkus* are distinguishable from those presented in this case. Here, the trial court never limited receipt of evidence to live testimony. Rather, it asked the parties whether they would be presenting live testimony. In response, they indicated that testimony may be necessary depending on the court's position, otherwise, the matter was adequately pled. When the court listed each of the documents it had reviewed, husband did not raise any evidentiary objection. Rather, he relied upon the documents in support of his argument. His actions indicate an implicit agreement between the parties to rely on the documents submitted, unless the court directed otherwise.

Likewise, husband has not argued that any objection to the alleged failure to comply with section 217 would have been futile. Thus, as in *Mendoza*, *supra*, 182 Cal.App.4th 680, 687, husband has forfeited his right to raise these issues on appeal.

14

"It is a well-recognized proposition that '[a] person is free to waive any or all procedures required and designed to safeguard fundamental rights' . . . . [Citation.] Such waiver may be express, i.e., by stipulation of the parties, or implied. [Citation.] It is also a fundamental principle of appellate review that objections must be raised in the trial court to preserve questions for review. Appellate courts will not consider objections that were not presented to the trial court. [Citation.]" (*In re Marriage of S.* (1985) 171 Cal.App.3d 738, 745; see also *In re the Marriage of Kerry* (1984) 158 Cal.App.3d 456, 466 [even if affidavit in support of motion is objectionable, failure to object "waives the defects, and the affidavit becomes competent evidence"].) It follows that husband's failure to object to the procedures employed by the trial court impliedly waived any objection. He therefore has failed to preserve any objection he may have had for review on appeal.

On March 26, 2018, Husband notified this court about new legal authority that he is relying upon to support his argument: *In re Marriage of Swain* (Mar. 26, 2018, No. B284468) __ Cal.App.5th __ [2018 Cal.App. LEXIS 246] (*Swain*). In *Swain*, the husband appealed from a postjudgment order denying his motion to terminate spousal support. The wife never filed any opposition to the motion, nor did she appear at the hearing. Rather, she filed an income and expense declaration, but failed to serve it on the husband. (*Id.* at pp. 3-4.) At the hearing, the husband objected to the wife's declaration, raising his due process rights and his right to cross-examine her. (*Id.* at p. 4.) He further pointed out that the wife "was 'not here to ask to put [her declaration] into evidence.'" (*Ibid.*) Upon inquiry, the trial court stated that the wife's declaration was filed, but that

the court "'wasn't going to look at it.'" (*Id*. at p. 5.) Relying on the wife's declaration, the court denied the husband's motion. (*Id*. at pp. 5-7.)

On appeal, the appellate court reversed, finding that the trial court erred in relying on wife's declaration. (*Swain*, *supra*, at pp. 19-21.) The appellate court considered the legislative history of section 217, and the applicability of Code of Civil Procedure section 2009 in family law proceedings. (*Swain*, *supra*, at pp. 11-17.) It found that "none of the published cases interpreting section 217 has squarely decided that section 217 completely abrogated the hearsay exception in Code of Civil Procedure section 2009 for substantive family law motions." (*Id*. at p. 17.) Addressing the issue as a matter of first impression, the *Swain* court concluded that "the hearsay exception in Code of Civil Procedure section 2009 does not apply to a motion to modify a family law judgment where . . . the opposing party seeks to exclude the declaration on the ground that he or she is unable to cross-examine the declarant. In that situation, the opposing party's objection not only seeks to exclude hearsay evidence, but also amounts to an assertion of the party's right under section 217 to 'live, competent testimony that is relevant and within the scope of the hearing.' [Citation]." (*Id*. at pp. 17-18.) However, the *Swain* court did "not answer the general question whether section 217 makes written declarations submitted in connection with family law motions subject to the hearsay rule in every case." (*Swain*, *supra*, at p. 17.)

While we concur in the *Swain* court's analysis of section 217, *Swain* is distinguishable from this case on its facts. In *Swain*, the husband objected to the wife's declaration and sought to cross-examine her. Here, in contrast, husband never objected to

16

wife's documents, nor did he make any unqualified request to cross-examine her on her declaration. Rather, husband's only request for live testimony was phrased as contingent upon the trial court's ruling, and never renewed. Nonetheless, husband argued the issues based on the documents before the court. Because husband led the trial court to believe that it could, and should, consider the documents before it without the need for live testimony, his claim of error, criticizing the court for doing so, is rejected.

Assuming, without deciding, that the court's actions constituted a refusal to receive live testimony, we conclude that the court made a sufficient finding of good cause under the circumstances of this case. (§ 217, subd. (b) ["In appropriate cases, a court may make a finding of good cause to refuse to receive live testimony and shall state its reasons for the finding on the record or in writing."].) As set forth above, the trial court began by acknowledging that a substantive matter (spousal support) was at issue and that the parties were entitled to question anyone submitting reports or other information to the court. (Cal. Rules of Court, rule 5.113(b)(1) and (4).) The court's lengthy recitation of the numerous documents that it had reviewed in preparation for the hearing notified the parties that the court was well-informed as to the relevant events and the parties' positions. The court's words that it knew "very well what [husband's] position is," it had "read the paperwork," and it had "reviewed" the documents filed with the court, signal that the court was familiar with the facts and the arguments. Implicit in the court's words is a determination that the material facts were not in controversy (rule 5.113(b)(2)), and that live testimony was not necessary for the court to assess the parties' credibility (rule 5.113(b)(3)). The court was not required to set forth its conclusion as to each of the

17

factors listed in rule 5.113(b); it was required to state only those facts upon which the finding of good cause was based. (Cal. Rules of Court, rule 5.113(c).) The court's confirmation that it had thoroughly read the record in the case, along with the absence of any demand for live testimony, sufficiently indicates that it considered the pertinent factors and found that material facts were not in controversy and live testimony was unnecessary. If husband disagreed with the court's assessment, he should have stated his position on the record and requested the opportunity to present live testimony as authorized by section 217. Having failed to do so, the trial court did not err in allowing wife to "'rest on the pleadings'" instead of presenting evidence.

**C. The Trial Court Did Not Apply an Incorrect Legal Standard in Setting Aside the Judgment.**

In deciding to set aside the judgment, the trial court found that husband failed to complete the preliminary and final disclosures, as evidenced by the following: (1) there were no supporting documents attached to the preliminary disclosure; (2) the stipulation was prepared by husband's attorney; (3) wife never actually exchanged any documents with husband; (4) husband was unable to produce copies of the documents that support the preliminary disclosure; and (5) husband has over $400,000 in cash and checking accounts that was not disclosed in his income and expense declaration. Husband asserts that the trial court erroneously relied upon an incorrect legal standard when finding the failure to complete preliminary and final disclosures provided sufficient grounds to vacate the judgment.

18

"The Family Code requires the parties to a dissolution proceeding to serve on each other a preliminary, sworn declaration, on forms prescribed by the Judicial Council, identifying all assets and liabilities.  (Fam. Code, § 2104, subds. (a) & (c).)  Similarly, before the parties to a dissolution proceeding enter into an agreement for the resolution of property issues, or before any trial, each must serve on the other 'a final declaration of disclosure and a current income and expense declaration, executed under penalty of perjury on a form prescribed by the Judicial Council . . . .'  (Fam. Code, § 2105, subd. (a).)  These mandatory statutory requirements cannot be waived, except in strict compliance with provisions of the statute.  [Citation.]"  (*In re Marriage of Burkle* (2006) 139 Cal.App.4th 712, 745-746, fns. omitted; see *In re Marriage of Fell* (1997) 55 Cal.App.4th 1058, 1060, 1064-1066 [affirming a judgment setting aside an original judgment of dissolution and marital settlement agreement, based upon an impermissible waiver of the mandatory exchange of disclosure declarations at the time of dissolution].)  Section 2105, subdivision (d), which permits such waiver, still requires that "[b]oth parties have complied with Section 2104 and the preliminary declarations of disclosure have been completed and exchanged" (§ 2105, subd. (d)(1)), and that "[t]he waiver is knowingly, intelligently, and voluntarily entered into by each of the parties."  (*Id*., subd. (d)(4).)

Here, husband prepared the necessary preliminary declarations of disclosure; however, he failed to provide the supporting documentation.  (§ 2104, subd. (a).)  Wife never completed or exchanged any declarations of disclosure, despite executing the stipulation stating that she had done so.  Given the lack of compliance with the statutory

19

requirements, the stipulation was insufficient to act as a waiver of the final disclosure. The trial court therefore correctly concluded that there had been a mistake of fact by the parties regarding whether the statutory requirements had been satisfied, and properly vacated the judgment on that basis.

## III.  DISPOSITION

The order is affirmed.  Wife is awarded her costs on appeal.

CERTIFIED FOR PUBLICATION


RAMIREZ
P. J.

We concur:

MILLER
J.

FIELDS
J.

20