Filed 8/4/25  Scurlock v. Johnson CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| REGINALD SCURLOCK,<br><br>        Petitioner and Appellant,<br><br>        v.<br><br>SHANNON JOHNSON,<br><br>        Defendant and Respondent;<br><br>LOS ANGELES COUNTY CHILD SUPPORT SERVICES DEPARTMENT,<br><br>        Intervener and Respondent. | B332474<br><br>(Los Angeles County Super. Ct. No. NF011041) |

        APPEAL from an order of the Superior Court of Los Angeles County, Christine J. Gonong, Commissioner.  Affirmed.
        Law Office of Cliff Dean Schneider and Cliff Dean Schneider for Petitioner and Appellant.

Jenesse Center and Lisa Smith Szekely for Defendant and Respondent.

Rob Bonta, Attorney General, Cheryl L. Feiner, Senior Assistant Attorney General, Maureen C. Onyeagbako, Supervising Deputy Attorney General, Ricardo Enriquez, Deputy Attorney General, for Intervener and Respondent.

_____

In July 2022, the Los Angeles Child Support Services Department (CSSD) requested an order to modify monthly child support for A.J., the child of appellant Reginald Scurlock (father) and respondent Roman James, formerly known as Shannon Johnson (mother). Following several hearings, the court set a new guideline support order payable to the County of Los Angeles (County) in the amount of $1,144 per month to be paid by father. Mother, a recipient of benefits of the California Opportunities and Responsibility to Kids program (CalWORKs), was not ordered to pay monthly support.

On appeal, father contends the court committed reversible error by failing to admit evidence supporting the modification order and denying his request to cross-examine mother. We affirm.

## BACKGROUND

Father and mother are the parents of A.J., the child subject to this family proceeding. In 2019, father and mother agreed to set child support obligations at zero.

In July 2022, CSSD filed a request for order to modify the zero-child-support order and establish a new monthly order

2

under the uniform state guideline. CSSD alleged a material change in circumstances based upon mother's status as a CalWORKs benefits recipient. (See Fam. Code, § 3680.5, subd. (b) [local child support authority may seek modification of support for children to "which assistance is being provided under the CalWORKs program"]; see also Welf. & Inst. Code, § 11200 et seq.)[1]

At various hearings between September 2022 and June 2023, mother and father testified about CSSD's requested modification. The record does not contain reporter's transcripts from these hearings.[2] The hearings were continued to July 7, 2023.

Prior to the continued hearing, parents filed witness and exhibit lists and income and expense declarations. Father identified himself, mother, and two other persons as potential witnesses and listed more than 30 supporting documents in his exhibit list. Mother identified herself, father, and one additional person as potential witnesses and listed more than 15 supporting

---

[1] "The CalWORKs program, often described as 'welfare-to-work,' provides benefits to families with minor children where the parents are unable to provide their support. To maintain the benefits, the recipient must participate in designated activities, a process which begins with an unsuccessful job search or a determination that a search would not be successful. After assessment of the participant, a specific program and menu of services is designed; failure to participate can result in the loss of plan benefits. Broadly stated, the goal of the program is to achieve the ability of the parent to provide support." (*Mendoza v. Ramos* (2010) 182 Cal.App.4th 680, 686 (*Mendoza*).)

[2] Minute orders from hearings on CSSD's "Notice of Motion (Modification) – Child Support" in September 2022, March and June 2023 state: "The Petitioner, Respondent are sworn and testify."

exhibits. The record includes parents' exhibit lists but does not include the exhibits themselves. Mother supported her income and expense declaration with paystubs, W2s, profit and loss statements, and Employment Development Department (EDD) records. Father attached no supporting documentation to his income and expense declaration.

Father represented himself at the continued hearing on July 7, 2023, which spanned nearly seven hours. He testified about his yearly income and expenses, and did not object to the court's use of his testimony to update the uniform state guideline formula calculation for monthly child support. After listening to the parties, the court granted CSSD's modification request and ordered father to pay $1,144 in monthly child support to the County. This amount reflected updated guideline calculations made during the hearing and memorialized in "CSSD Exhibit 1," which the court ordered filed during the hearing. Father timely appealed.

## DISCUSSION

Father contends no evidence supports the modification order because "[n]o evidence was admitted at trial" and none of the exhibits "were ever authenticated by sworn testimony or declarations." Father also contends the court violated his right to due process by declining his request to cross-examine mother.

Mother disputes these contentions on the merits and argues father mischaracterizes the record, fails to support statements of fact with citations to the record, and fails to adhere to the relevant standard of review. We agree with mother.

4

## A. Additional Background

At the continued hearing on CSSD's modification request on July 7, 2023, father began by referring to what happened the "last time we were in." He expressed dissatisfaction with a ruling the court had previously made concerning financial documents that allegedly called into question mother's credibility about her stated income. The court attempted to refocus the parties on what was supposed to occur going forward on July 7. It summarized the procedural history of the case, acknowledged filings by the parties in anticipation of the hearing, and educated the parties about its role as gatekeeper of evidence. The court explained it would decide the relevance of filed documents and was not bound to rely on everything submitted.

The court inquired if the parties would call witnesses listed on their witness lists. In response, parents stated the non-party witnesses identified in their lists would not be called. The court replied, "All right, so no witness[es]. Again, . . . I only need very limited information so that I can complete my calculation" for child support. Following CSSD's preliminary discussion of parents' financial information and "undisputed" 50/50 timeshare (father himself stated "we have joint custody"), the court shifted to father's income and expenses.

Representing himself, father verified his annual gross income in 2022 ($191,585.74). He also argued he was entitled to deductions for childcare and other expenses, relying in part on various exhibits he lodged with the court. Counsel for mother and CSSD scrutinized the exhibits and questioned father about his childcare expenses. The court granted father's requests to deduct various childcare expenses but denied his add-on request to deduct various payments he made to his sister. Following

5

additional argument by father on this request, the court found his "testimony not credible" and again denied the add-on request.

The court then addressed mother's income and expenses. Mother's counsel verified mother was a CalWORKs and EDD benefits recipient and was temporarily employed. The court discussed various supporting documents before deciding to base mother's income upon her 2022 tax returns. Father objected "for the reason that there is income through the bank statements that were provided to me." Father asked the court to investigate "a lot of cash deposits" that were not included in mother's income and expense declaration or tax return. The court declined, noting that under *Mendoza, supra*, 182 Cal.App.4th 680, it is against public policy to impute income to a CalWORKs recipient. In addition, the court found father had "exhausted this argument" at a previous hearing. Ultimately, the court found mother's annual gross income in 2022 was $17,112.

After the court announced its calculation, father accused mother of lying and stated he was "precluded from a meaningful cross-examination on [mother's] income." Father argued the evidence was hearsay and unauthenticated. Father then asked the court, "So when do I get to cross[-]examine [mother]?" The court responded, "Cross[-]examine her about what?" He replied, "The whole issue. I have a right to cross[-]examine her on her income" and whether mother "is able to work. She can get a job at [T]arget. She can get a job at Mc[D]onald's." The court stated, "[W]e discussed that together," and denied the request.

## B.     Forfeiture of Appellate Contentions

An appellant bears the burden to demonstrate, on the basis of a sufficient record, reversible error in the trial court's decision.

6

(*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)  "'"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."' [Citation.]" (*Ibid.*; see also Cal. Rules of Court, rules 8.120(a)-(b), 8.140(b)(1).)

The appellant must also summarize all significant evidence in the record with appropriate citations and must support all contentions with citations to relevant legal authority.  (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738; see Cal. Rules of Court, rules 8.204(a)(1)(C), 8.204(a)(2)(C).)  The failure to present a complete and accurate evidentiary record and cogent legal argument forfeits the appellant's contentions on appeal. (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

Father's appellate brief violates these rules in several respects.  First, his brief does not set forth all material evidence on the issues he purports to raise.  "The *significant facts* are not simply the facts favoring the appellant" (*Perry v. Kia Motors America, Inc.* (2023) 91 Cal.App.5th 1088, 1096) but are "'the critical facts (including the evidence), free of bias; and likewise as to the applicable law.'" (*Hjelm v. Prometheus Real Estate Group, Inc.* (2016) 3 Cal.App.5th 1155, 1166.)  As father failed to provide material facts, he has provided an incomplete and inaccurate portrayal of the case, forfeiting his sufficiency of evidence contention on appeal.

Second, father has failed to procure an appellate record with documents lodged with and considered by the trial court. (See Cal. Rules of Court, rule 8.120(a).)  "To the extent the court relied on documents not before us, our review is hampered.  We cannot presume error from an incomplete record." (*Christie v.*

7

*Kimball* (2012) 202 Cal.App.4th 1407, 1412; see also, *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [an appellant may not ignore or fail to present "'portions of the proceedings below which may provide grounds upon which'" affirmance may be made].) For instance, the appellate record does not include transcripts from prior hearings on CSSD's modification request. Nor does it include the documentary evidence which, according to father, casts doubt on mother's stated income and expenses. The insufficient record prevents proper analysis and thus results in the forfeiture of father's appellate contentions.

Third, both contentions raised by father are conclusory and unsupported by cogent legal argument or citations to the appellate record. (See Cal. Rules of Court, rule 8.204(a)(1)(B).) We treat these issues forfeited, as father has not provided "'meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim[s] of error.' [Citation.]" (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817.) Reciting general principles from clearly inapposite cases does not adequately preserve an issue on appeal. (See *Said v. Jegan* (2007) 146 Cal.App.4th 1375, 1384-1385.)

## C. Sufficient Evidence Supports the Modification Order

### 1. *Governing Law*

Were we to exercise our discretion to consider father's arguments, we would reject them.

As a local child support agency, CSSD must "take appropriate action . . . to establish, modify, and enforce child support . . . orders if the child is receiving public assistance." (Fam. Code, § 17400, subds. (a)(1), (h).) "'Public assistance' means any amount paid" under CalWORKs for the benefit of any

8

dependent child or the caretaker of the child. (*Id.*, § 17000, subd. (j); see Welf. & Inst. Code, § 11200; see also fn. 1, *ante*.) Public enforcement of child support rests upon "'the most fundamental obligations recognized by modern society'" that every parent "has the duty to support his or her minor children." (*County of Los Angeles v. Christopher W.* (2019) 41 Cal.App.5th 827, 833.) This duty "is based in part on the state's interest in seeing that the child does not become a public charge [citation], and the policy that those who are 'directly responsible' for the child's existence should ordinarily bear the burden of support [citation]." (*Ibid.*; see *Crider v. Superior Court* (1993) 15 Cal.App.4th 227, 231-232 [public enforcement of support rights "alleviate[s] the burden on taxpayers and ensure that, as the number of needy children rise, benefits to them will not be reduced"].)

Alongside local child support agencies, the California Department of Child Support Services (DCSS) enforces child support orders and administers the Title IV-D state plan for securing child support. (See Fam. Code, §§ 17200, 17202, subd. (a), 17303, 17304, subd. (b); see also 42 U.S.C.A. § 654(3).) In this role, DCSS and CSSD may intervene in any proceeding involving child support. (Fam. Code, § 17500, subd. (a); see *id.*, §§ 3680.5, subd. (a), 17202, subd. (b), 17304, 17400, subd. (k), 17404, subd. (a).)

California has adopted a statewide uniform child support guideline, which places children's interests as the state's top priority. (*In re Marriage of Macilwaine* (2018) 26 Cal.App.5th 514, 528 (*Macilwaine*); see also Fam. Code, §§ 4050-4070.) Guideline child support, calculated pursuant to the formula set forth in section 4055, is presumed to be correct. (Fam. Code, §§ 4052, 4053, subd. (k); *Macilwaine*, *supra*, at p. 528.) "That

presumption 'affect[s] the burden of proof' and may be rebutted by admissible evidence showing that application of the formula would be unjust or inappropriate in the particular case, consistent with the principles set forth in section 4053 . . . ." (*Macilwaine*, *supra*, at p. 528.)  These guidelines apply when a material change of circumstances warrants modification of an existing support order.  (*In re Marriage of Schopfer* (2010) 186 Cal.App.4th 524, 532.)[3]

Where, as here, an appeal is taken from an order modifying child support, we review the order for abuse of discretion and reverse only upon a showing of prejudicial error.  (*In re Marriage of Rodriguez* (2018) 23 Cal.App.5th 625, 633 (*Rodriguez*).)  "In conducting our review for an abuse of discretion, we determine 'whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.'  [Citation.]" (*In re Marriage of Bodo* (2011) 198 Cal.App.4th 373, 384.)  "As long as the trial court exercised its discretion along legal lines, its decision will be affirmed on appeal if there is substantial evidence to support it." (*Rodriguez*, *supra*, at p. 633.)

2. *Analysis*

Father does not dispute that CSSD Exhibit 1, generated during the continued hearing, applied the statewide uniform child support guideline formula.  This formulation computed a

---

[3]    Stipulated agreements for child support below the guideline formula are invalid whenever local agencies provide services under Family Code section 17400 and do not affirmatively join the stipulated agreement.  (Fam. Code, § 4065, subd. (c); see *In re Marriage of Lambe & Meehan* (1995) 37 Cal.App.4th 388, 393-394.)

monthly child support obligation ($1,144) from monthly tax and income information for mother and father in tax year 2022; monthly childcare deductions requested by father; monthly receipt of mother's public assistance and unemployment compensation according to documents filed or lodged with the court; and an undisputed 50/50 support apportionment for shared custodial time.

Instead of disputing these figures, father contends his and mother's income were never "supported by any testimony or authenticated exhibits." Father furnishes no authority in support of this contention. The single case on which he relies, *Estate of Horman* (1968) 265 Cal.App.2d 796, does not address family law proceedings or the form or authentication of evidence at such proceedings. (See *id.* at pp. 808-809 [trial court abused discretion in declining to reopen heirship proceeding to present "new evidence inasmuch as the additional evidence might well have, and probably would have, rendered a different result upon further hearing"].)

Father's contention is also contrary to the law. "Code of Civil Procedure section 2009 . . . allows a motion hearing to be decided based on declarations." (*In re Marriage of George & Deamon* (2019) 35 Cal.App.5th 476, 483 (*Deamon*).) "'While [Family Code] section 217 requires the court to receive "relevant" testimony that is "within the scope of the hearing when offered by the parties [citation], it does not foreclose the parties from submitting evidence through other means, such as declarations, pleadings, etc.' [Citations.]" (*Ibid.*)

Father provides this court no reason to question the lower court's reliance on documentary evidence or the parties' representations at the hearing. That father's testimony was

11

unsworn does not change its admissibility. "Unsworn testimony does not constitute a nullity." (*Richard M. v. Superior Court* (1971) 4 Cal.3d 370, 377.) Whenever a witness "'is permitted to testify without having been previously sworn and that fact is known at the time, the defect must be taken advantage of at once, and a failure to do so is such acquiescence in the testimony as will preclude objection after verdict.' [Citations.]" (*Ibid.*) Such is the case here. Absent any intervention by father to be sworn in before testifying, he cannot now disclaim his own testimony.

On these facts, we conclude the trial court properly considered the declarations, supporting documents and exhibits, and father's undisputed testimony to adjudicate CSSD's modification request. (See *In re Marriage of D.H. & B.G.* (2023) 87 Cal.App.5th 586, 602; e.g., *In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 34-36 [court properly considers gross income listed on recent tax return, income listed on loan application, and testimony by father at modification hearing].) Substantial evidence supports its findings.

**D.      Cross-Examination of Mother**

Father next contends the court erred by declining his request to cross-examine mother, which he avers prevented him from exploring the issue of mother's income. In support of his argument, he cites without elaboration two Supreme Court decisions that address cross-examination in other contexts—*Pointer v. Texas* (1965) 380 U.S. 400 and *Greene v. McElroy* (1959) 360 U.S. 474. Although father does not describe the facts of either case, the former involved a robbery trial; the latter involved a federal administrative hearing not explicitly

authorized by Congress or the President. Father fails to show how either case applies in this child support matter.

Based on our independent review of the case law, we find guidance from *Deamon*, *supra*, 35 Cal.App.5th 476. In that case, a family court held a hearing on a motion for sanctions with supporting declarations filed by a former husband (Deamon) against his former wife (George). (*Id.* at pp. 479-480.) George appeared at the hearing, representing herself in propria persona; Deamon did not physically appear but was represented through counsel. (*Id.* at p. 479.) George objected that Deamon was not present, citing Family Code section 217 and arguing Deamon's declaration was insufficient. (*Id.* at p. 480.) The hearing proceeded and the family court granted the motion. (*Ibid.*)

On appeal, our colleagues in the Fourth Appellate District recognized that absent a stipulation of the parties or a finding of good cause, Family Code section 217 required live, competent testimony that is relevant and within the scope of the hearing. (*Deamon*, *supra*, 35 Cal.App.5th at p. 483.) It observed, however, that George had not served a notice requiring Deamon to attend the hearing for purposes of cross-examination about his declaration. (*Id.* at p. 482.) It further concluded "that the family court's failure to make an express finding of good cause to refuse Deamon's live testimony could not have had a prejudicial impact on the outcome" of the hearing. (*Id.* at p. 484.) The court found prejudicial error lacking because "George has not explained how her ability to cross-examine Deamon would have had any bearing on the outcome of the family court's ruling on the sanctions motion." (*Id.* at p. 485, fn. 9; see also *In re Marriage of Cohen* (2023) 89 Cal.App.5th 574, 582 [refusal of live testimony subject to harmless error review].)

13

In this case, father failed to provide transcripts of the prior hearings on CSSD's modification request, which appear to have included testimony from the parties and dealt with evidentiary issues. As a result, this court is denied the ability to fully assess the proceedings below. Further, as mother correctly notes, father provides no discussion on how cross-examination would alter his monthly support obligations. He does not address *Mendoza* or the lower court's refusal to impute income to mother. (See *Mendoza, supra*, 182 Cal.App.4th at p. 686 [imputing income on CalWORKs recipient "would be contrary to public policy"].) He does not proffer any testimony he would elicit on cross-examination bearing upon mother's income or public benefit qualification. He does not mention, let alone cite, any evidence that contradicts the court's findings about her income.[4] The family court had "wide latitude" to limit cross-examination to avoid harassment, prejudice, or unduly repetitive or marginally relevant interrogation. (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1385-1386.) We presume neither error nor prejudice from nonexistent argument and a silent record.

---

[4] Below, father sought to increase mother's income and questioned her qualifications for public benefits based on "a lot of cash deposits" and "expenses" appearing in her financial documents. Father's appellate brief does not discuss these deposits or expenses and does not direct us to the appellate record for support.

## DISPOSITION

The modification order is affirmed.  Respondents are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

ZUKIN, P. J.

TAMZARIAN, J.