Filed 10/13/22  Marriage of Freeman CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re the Marriage of EDWARD SHELDON and JEWEL BIANCA FREEMAN. | |
| EDWARD SHELDON FREEMAN, Respondent, v. JEWEL BIANCA FREEMAN, Appellant. | F083654 (Super. Ct. No. FL-20-000995) **OPINION** |

<u>**THE COURT**</u>[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Jack M. Jacobson, Judge.

Jewel Bianca Freeman, in pro. per., for Appellant.

No response for Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

Appellant Jewel Bianca Freeman (mother) challenges the decision in the trial court ordering her to pay $537 monthly in child support for her three children with Edward Sheldon Freeman (father) and denying her request for attorney's fees. Our review of the record and the relevant legal standards leads us to conclude the decision of the trial court must be upheld. The order is affirmed.

## PROCEDURAL AND FACTUAL SUMMARY

The record on appeal consists of a clerk's transcript containing some of the documents filed in the trial court addressing the request to modify child support, and a settled statement prepared in lieu of a reporter's transcript.

On August 23, 2021, mother filed a request for an order seeking child support for her three children and attorney's fees. This is the first document we are provided in a proceeding that was initiated in April 2020 by father with a petition for dissolution of marriage. In the income and expense declaration supporting the request, mother states she was employed between May 2020 and January 2021, but now earns "$0" per week. Mother further stated she shares 50/50 custody of the children with father. Mother's request for attorney's fees was for future fees she anticipated incurring while litigating this matter.

In response to mother's request for an order, father submitted his own income and expense declaration. Father listed his average monthly income as approximately $3,300 with monthly expenses of approximately $3,500. Seven weeks of pay stubs were also provided to support the estimate of his monthly income. Father stated in a declaration that the children were with him 85 percent of the time, and with their mother just 15 percent of the time. Father also stated in a separate declaration that as of September 9, 2021, he had been awarded sole legal and physical custody of the children with mother having the right to visit two nights per week and two weekends per month.

Following a hearing held in October 2021, the trial court entered an order directing mother to pay father $537 in monthly child support. The court also denied her request for

2.

attorney's fees. Immediately thereafter, mother filed a motion to reconsider the award of child support to father by challenging the income and expense declaration he filed and the amount of time she was credited with spending with her children. Mother also noted in her papers that father failed to show there was an available job in her community that would pay her a minimum wage, and the evidence did not demonstrate a willful intent to avoid her financial obligations. Mother's motion for reconsideration was denied on December 2, 2021.

## **DISCUSSION**

### I.     **The Record Provided in this Appeal**

Again, the record on appeal consists of a clerk's transcript with a selection of documents filed in this matter, and a settled statement in lieu of a reporter's transcript. We are limited in our review because there is a brief summary of the hearing at the core of this appeal. (Cal. Rules of Court, rule 8.137.) A more complete record and summary of the testimony from that hearing would have been beneficial to our review. (See *Committee to Defend Reproductive Rights v. A Free Pregnancy Center* (1991) 229 Cal.App.3d 633, 637–639.)

An order of the lower court is presumed correct unless the appellant affirmatively demonstrates there is prejudicial error. (*Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 546) All "intendments and presumptions are indulged to support it on matters as to which the record is silent." (*Ibid.*, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

### II.    **The Applicable Standard of Review**

Child support awards are reviewed for an abuse of discretion. (*In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 529.) When engaging in this review, "appellate courts consider (1) whether the trial court's factual findings are supported by substantial evidence, (2) whether the trial court followed applicable legal principles, and (3) whether the trial court reasonably exercised its discretionary authority—that is, whether any judge

reasonably could have made such an order." (*Ibid*.; see *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711 ["abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review"].) Because child support awards are subject to statewide uniform guidelines, "the only discretion trial courts possess is the discretion provided by statute or rule." (*Hein*, at p. 529; see Fam. Code,[1] § 4055.)

## III. The Statutory Guidelines on Awards of Child Support Govern Here

> "Child support awards in California are governed by the legislation that established a statewide uniform child support guideline. (See §§ 4050–4076.) 'The court shall adhere to the statewide uniform guideline and may depart from the guideline only in the special circumstances' identified in the statute. (§ 4052.) The child support guideline is an algebraic formula set forth in section 4055. The amount generated by the formula 'is intended to be presumptively correct in all cases, and only under special circumstances should child support orders fall below the child support mandated by the guideline formula.' (§ 4053, subd. (k); see § 4057, subd. (a).) The presumption 'affect[s] the burden of proof' and may be rebutted with evidence of the factors set forth in section 4057, subdivision (b)." (*In re Marriage of Hein*, *supra*, 52 Cal.App.5th at p. 527.)

Mother contends father was required to provide evidence establishing her ability to pay. In fact, "[b]oth parents are mutually responsible for the support of their children," and "[e]ach parent should pay for the support of the children according to the parent's ability." (§ 4053, subds. (b), (d).) Furthermore, a court may consider "the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children," while also considering the overall "needs of the children, and the time that parent spends with the children." (§ 4058, subd. (b).)

A determination of earning capacity considers the ability to work, including factors such as age, occupation, skills, education, health, background, work experience

---

[1] All further statutory references are to the Family Code.

and qualifications, and the opportunity to work. (*Mendoza v. Ramos* (2010) 182 Cal.App.4th 680, 685.) The finding a parent has the "opportunity to work" must be supported by substantial evidence of a reasonable likelihood the parent, using reasonable efforts with the above referenced level of skill, education, etc., could produce income. (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1246 (*McHugh*).)

In this appeal, mother contends earning capacity can only be considered when "the parent has demonstrated a willful intention to avoid fulfilling financial obligations through deliberate misconduct." In the settled statement submitted to this court in lieu of a reporter's transcript, mother states:

> "[I]t was never her intent to avoid helping with the expenses of the minor children, however being that [father] made more money and received all of their stimulus monies and even county help for food for our children [mother] didn't see how her help would even be necessary let alone required."

" ' "While deliberate avoidance of family responsibilities is a significant factor in the decision to consider earning capacity [citation], the statute explicitly authorizes consideration of earning capacity in all cases," consistent with the child's best interests. [Citations.]' " (*McHugh*, *supra*, 231 Cal.App.4th at p. 1246.) The parent seeking to impute income does not bear the burden of showing the other parent would have obtained employment if it had been sought. (*Id*. at p. 1247.) Under section 4058, subdivision (b), the trial court has the authority to consider a parent's earning capacity "in lieu of" actual income. That calculation, however, must be consistent with the children's best interests, taking into consideration their overall welfare and needs. (*In re Marriage of Lim & Carrasco* (2013) 214 Cal.App.4th 768, 775.) As long as an ability and opportunity to work exists, the trial court has the authority under the statutory scheme to consider a parent's earning capacity. (*McHugh*, at p. 1246.)

Mother engages in a lengthy argument challenging the evidence she believes the trial court relied upon to make an award of child support. Mother specifically states the

evidence consisted of hearsay and deviated from the statutory guidelines. The hearsay mother references consisted of father's income and expense statement and a summary in the settled statement she prepared in which she stated father and/or his attorney argued mother had an ability to earn income. Yet, in opposition, mother simply states she does not have an income. In fact, many of the allegations of "facts" she is arguing to this court are actually arguments that appear either in the clerk's transcript or the settled statement. Again, we are limited to and by the record we have been provided. In addition, we cannot conclude the income and expense statements provided by either party to the court, and signed under penalty of perjury, are hearsay.

The income and expense declaration mother submitted to the court shows she was employed between May 2020 and January 2021, that she had both a high school diploma and six years of college classes, but no degree. The declaration also states she filed income tax returns in both California and Colorado for the 2020 tax year. Significantly, the declarations submitted by mother and father fail to show that health insurance is being paid by either party.[2] Father's income and expense declaration also shows a breakdown that suggests he often spends more each month than he earns.

In the summary of the hearing presented in the settled statement, mother admits she was asked by the court why she was not currently working, and acknowledges there were discussions about what would be a fair amount for her to pay toward child support as the second parent. Mother also acknowledges the court proposed a calculation based on her obtaining a minimum wage job. We believe this shows the court was trying to determine mother's earning capacity considering the overall welfare and needs of her children. (See § 4058, subd. (b).) If mother believed this calculation resulted in an award

---

[2]  Mother does state that she signed the children up for some form of health insurance provided by the county. However, there is no documentation of this fact in the record.

that was unjust or inappropriate given her circumstances, she was required to provide evidence to the court supporting her claim. (§ 4057, subd. (b).)

The summary provided in the settled statement fails to show any evidence was presented addressing factors laid out in section 4057 establishing any award of child support to father would be unjust or inappropriate. Nor does the settled statement demonstrate the trial court failed to consider all the factors that were required under the statutory scheme. To demonstrate the absence of substantial evidence, mother was required to provide the appellate court with an adequate record of the evidence presented in the trial court. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) The settled statement provided to this court failed to provide an adequate record, consisting only of an abbreviated summary of what the trial court considered.

Based on our obligation to uphold a lower court's order unless there is an affirmative showing of prejudice, and because the record that has been provided to this court fails to show prejudicial error in the application of the statutory guidelines governing the award of child support, we will not overrule the decision of the trial court to award father monthly payments of $537 from mother, and denying mother's request for attorney's fees.

## DISPOSITION

The order of child support is affirmed. No costs are awarded in this appeal.