Filed 3/12/26  Turns v. Turns CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| SEAN LIEF TURNS,<br>    Plaintiff and Appellant,<br>v.<br><br>HIKMET MELIS TURNS,<br>    Defendant and Respondent. | A172695<br><br>(City & County of San Francisco<br>Super. Ct. No. FDI-24-799222) |

In this dissolution, the trial court ordered Sean Lief Turns to pay attorney's fees to Hikmet Melis Turns.[1]  On appeal, Sean contends the court abused its discretion, made unsupported findings, and violated his due process.  We affirm.

## BACKGROUND

The parties married in 2017, had a child in 2022, and Sean filed a petition for dissolution in February 2024.  Hikmet asked the trial court to issue orders concerning custody and visitation, child and spousal support, and attorney's fees.  She averred she was unemployed, financially reliant on Sean, and left unable to access joint accounts, while he "earn[ed] a significant

---

[1] We recite only those facts and procedural history necessary to resolve the limited issues before us.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  For clarity, we use the parties' first names, intending no disrespect.  Unless otherwise indicated, all dates refer to 2024.

income." Sean opposed the fee request, explaining he had no money left over after paying " 'all expenses including huge community debt.' " His income and expense declaration indicated he was employed as a PG&E line worker, with $15,407 in average gross monthly income and $22,000 in average monthly overtime income. But he also reported $30,855 in average monthly expenses, including installment payments on more than $450,000 of debt. Hikmet's income and expense declaration indicated she was unemployed, with no income. She reported monthly expenses of $7,225—towards which her father was contributing—and a loan from family for attorney's fees.[2] The parties also submitted lengthy declarations and other evidence concerning their financial resources and needs.

In September, after considering pleadings, declarations, and other evidence, the trial court issued temporary orders regarding custody and visitation, child support, and spousal support. It found Sean "earned over $317,000 through August of this year," he contributed an average of $1,029 into his 401(k) each month, and Hikmet had no income at that time. The court continued her request for attorney's fees to November 26, ordering Sean to file a copy of his 401(k) account balance and Hikmet's attorney to file a declaration of counsel.

On November 21, Hikmet's counsel filed a declaration. It averred— citing attached exhibits—that there was an income disparity, noting Sean had approximately $90,000 in his 401(k), had purchased an $11,000 engagement ring for his fiancée, and was giving his fiancée $2,000 per month. It also noted his 2023 W2 reflected earnings of $658,728. On November 25—

---

[2] Sean and Hikmet went to Turkey in January when her father became ill. Sean returned home weeks later, but Hikmet stayed in Turkey with their child. The parties dispute why Sean returned alone.

the day before the hearing—Sean filed a declaration, attaching his 401(k) statement, and Hikmet's attorney filed another declaration, with exhibits reflecting Sean's $289,897 annuity and his spending.  The trial court issued a tentative decision the same day, ordering Sean to pay $45,000 in attorney's fees, to be paid over three months.

At the November 26 hearing, Sean's counsel objected to the tentative decision, arguing Sean could not pay the fees.  He reiterated Sean had approximately $500,000 in debt—with large monthly minimum payments— and noted the court assumed monthly earnings of $35,000 when it made child support orders.  Sean spoke, addressing his inability to withdraw funds from his annuity.  For her part, Hikmet's counsel argued there was an income disparity, noting Sean's income, his 401(k) and annuity, and his "lavish lifestyle."  Without an award of fees, counsel argued Hikmet would be "left with no counsel" and "unable to continue litigation."

After hearing from the parties, the trial court noted they had not contested its previous support orders.  It then adopted its tentative ruling, finding there was a disparity in access to funds and the requested fees were reasonable.  After the court issued its oral ruling, it explained it had to conclude the hearing because it had to finish other matters before the lunch break.  After both counsel thanked the court, Sean asked if he could "have one more minute."  The court said no, explained that his counsel spoke "at length," and it had made its decision.  Its written order also contained findings that an award of attorney's fees was appropriate, and Sean had or was likely to have the ability to pay for both parties' legal representation.

## DISCUSSION

Sean contends the trial court abused its discretion by ordering him to pay attorney's fees and made findings that were unsupported by substantial evidence. We are unpersuaded.

A trial court must ensure each party has access to legal representation "by ordering, if necessary based on the income and needs assessments, one party . . . to pay to the other party . . . whatever amount is reasonably necessary for attorney's fees." (Fam. Code[3] § 2030, subd. (a)(1).) If fees are sought, the court must find whether an award "is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties." (*Id*., subd. (a)(2).) "If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (*Ibid*.) We review a section 2030 fee award for abuse of discretion—only reversing when, " 'considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made.' " (*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.) We review factual findings for substantial evidence. (*Ibid*.) But we will not reweigh the evidence. (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 470 (*Nakamoto*).)

Sean contends the trial court failed to make required findings before issuing its order. Not so. Section 2030 requires a court to make findings on whether (1) a fee award is appropriate, (2) there is a disparity in access to funds to retain counsel, and (3) one party is able to pay for the representation of both parties. (§ 2030, subd. (a)(2).) The court made all three findings. As Sean acknowledges, it issued a tentative order on November 25. The

---

[3] Undesignated statutory references are to the Family Code unless otherwise indicated.

4

tentative order indicated the court found an "award of attorney's fees and costs is appropriate," "there is a demonstrated disparity between the parties in access to funds to maintain counsel," and Sean "has or is reasonably likely to have the ability to pay for legal representation for both parties." The court adopted its tentative ruling at the end of the November 26 hearing, and the required findings were reflected in its written order.

Next, Sean contends the trial court's findings were not supported by substantial evidence. Viewing the record most favorably in support of the order, we disagree. (*Nakamoto, supra*, 79 Cal.App.5th at p. 470.) For example, the finding that there was a disparity in access to funds was supported by evidence that, while Hikmet was unemployed and using family loans to pay for her attorney, Sean earned $317,000 through August; had $90,000 in his 401(k), from which he could borrow $35,000 or withdraw $18,000; had $289,897 in an annuity; and spent $11,000 on an engagement ring, was giving his fiancée $2,000 per month, and was spending thousands of dollars on dining and hotels. The same evidence also supports the determination that Sean had sufficient assets to pay for both parties' representation.

The trial court's finding that the requested fees were reasonable and necessary was also supported by substantial evidence. Hikmet's counsel provided evidence of her firm's billing rates and the amount billed so far, and she explained the fees were necessary to litigate issues concerning custody and visitation, child and spousal support, and division of the parties' assets and debts. There was also evidence that the fees were incurred in part due to Sean's conduct and litigation tactics. (*In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 394 [court can consider litigation tactics in awarding section 2030 fees].) That Sean contends one could draw different inferences from the

record concerning the court's findings misapprehends our role on appeal.[4] (*Nakamoto*, *supra*, 79 Cal.App.5th at p. 473.)

Sean also argues the trial court abused its discretion by failing to consider the totality of circumstances before issuing its order and instead focused solely on whose income was higher. Drawing all inferences in favor of the court's order, we disagree. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 822, 828.) Both parties submitted numerous declarations and exhibits concerning their respective financial resources and challenges. Sean averred he was "struggling to pay" the significant amount of existing "community debt"—which he described in detail—discussed his income, and indicated he had limited ability to withdraw funds from his 401(k). At the hearing, Sean and his counsel addressed Sean's ability to access the money in his annuity, and Sean's counsel argued any disparity in access to funds favored Hikmet. Contrary to Sean's assertion, the record demonstrates the court considered the totality of circumstances before issuing its order. Nothing suggests it based its decision solely on the fact that Sean earns more than Hikmet.

Finally, Sean contends the trial court violated his right to due process by denying him the right to testify at the hearing. Sean mischaracterizes what occurred at the hearing. Neither Sean nor his attorney asked the court to allow Sean to testify. Instead, both parties submitted multiple

---

[4] The trial court also found Sean failed to comply with its order to file a copy of his PG&E 401(k) with "the balance of the account from 1/1/2024-current." Sean—noting he filed his most recent monthly statement the day before the hearing—contends the finding was not supported by substantial evidence. As he implicitly concedes, he did not fully comply with the court's order. Moreover, even if the finding was incorrect, Sean fails to establish it affected the court's decision. (*In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 822.)

declarations and many exhibits concerning the relevant issues, and Sean's counsel focused on that evidence. (*In re Marriage of Binette* (2018) 24 Cal.App.5th 1119, 1127 [right to live testimony can be forfeited where parties rely solely on declarations], disagreed with on another ground in *In re Marriage of Pasco* (2019) 42 Cal.App.5th 585, 591, fn. 3.) And Sean ignores the fact that he spoke at the hearing and addressed his ability to withdraw money from the annuity. Indeed, he did not express a desire to speak further until *after* the court announced its ruling and explained it had to call other matters before the lunch break. On this record, we cannot conclude the court denied a request to present live testimony or deprived Sean of his right to testify during the hearing. (*Mendoza v. Ramos* (2010) 182 Cal.App.4th 680, 687 [no violation of right to testify where party fails to request testimony].)

## DISPOSITION

The judgment is affirmed. Hikmet Melis Turns shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____
LANGHORNE WILSON, J.

WE CONCUR:

_____
HUMES, P. J.

_____
BANKE, J.

7