Filed 5/17/19

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of STEPHANIE GEORGE and DANIEL C. DEAMON. | D073667 |
| STEPHANIE GEORGE, | |
| Appellant, | |
| v. | (Super. Ct. No. DN186713) |
| DANIEL C. DEAMON, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Harry L Powazek, Judge.  Affirmed.

Stephanie George, in pro. per., for Appellant.

Higgs, Fletcher & Mack, John Morris and Rachel E. Moffitt, for Respondent.

In this dissolution proceeding, Stephanie George appeals from an order requiring her to pay $10,000 in sanctions pursuant to Family Code section 271[1] to her ex-husband Daniel C. Deamon after Deamon was required to file a motion for entry of judgment

---

[1]     Unless otherwise indicated, all further statutory references are to the Family Code.

pursuant to the terms of the parties' settlement. George contends that the family court erred by awarding sanctions without considering any oral testimony, relying instead on documents submitted in support of the sanctions motion. We conclude that George's argument lacks merit, and we accordingly affirm the order.

I.

FACTUAL AND PROCEDURAL BACKGROUND

After a marriage of 19 years, George and Deamon separated on March 23, 2015, and dissolution proceedings were commenced. The parties attended a mandatory settlement conference on June 1, 2017, at which a settlement was reached as to all of the disputed issues between the parties. The terms of the settlement were put on the record before the family court, and the court directed counsel for Deamon to prepare a judgment and forward it to George for approval before submitting it to the court. The family court stated that the settlement was enforceable by a motion to enter judgment pursuant to Code of Civil Procedure section 664.6, if necessary.[2] On June 1, 2017, the family court also entered a judgment of dissolution.

Counsel for Deamon prepared a judgment and forwarded it to George for her approval, but she raised several issues and demands, based on which she stated that she was not prepared to approve the judgment. As a result, on July 31, 2017, Deamon filed a request for entry of judgment according to the terms of the parties' settlement pursuant to

_____

[2] Code of Civil Procedure section 664.6 states, in relevant part, "If parties to pending litigation stipulate . . . orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." (Code Civ. Proc., § 664.6.)

Code of Civil Procedure section 664.6. Deamon also included a request that the court impose sanctions of "at least $10,000" pursuant to section 271 based on George's refusal to approve the proposed judgment (the sanctions motion). Deamon submitted a declaration in support of the sanctions motion, which referenced several documents that were attached to a notice of lodgment concerning the attempt by Deamon's counsel to obtain George's approval of the proposed judgment.[3] Deamon also filed two additional declarations prior to the hearing on the sanctions motion containing updated information pertaining to the motion and referencing recent documents that were also attached to the notice of lodgment. It is unclear whether George filed a written opposition to the sanctions motion. No such opposition appears in the appellate record, but a reference was made in one of Deamon's declarations to a responsive declaration filed by George.[4]

On September 7, 2017, the family court held a hearing on Deamon's request to enter judgment pursuant to the terms of the parties' settlement. The hearing on the sanctions motion was continued to a later date. At the September 7 hearing, George stated that she approved the form of the judgment currently proposed by Deamon's counsel, and the family court entered judgment.

---

[3] The notice of lodgment is not in the appellate record, but Deamon's declarations describe the documents in the notice of lodgment. It is unclear whether the notice of lodgment was also accompanied by a declaration from counsel for Deamon authenticating the attached documents.

[4] At the hearing on the sanctions motion the family court allowed George to submit certain documents that she believed were relevant, although she had not submitted them prior to the hearing. The family court's eventual order stated that the court had considered those documents in reaching its ruling.

On October 23, 2017, the family court held a hearing on the sanctions motion. George appeared, representing herself in pro. per., and Deamon appeared through his counsel. Deamon resided in Japan and did not appear in person or telephonically for the hearing on the sanctions motion. At the hearing, George reiterated her objection to Deamon's lack of physical presence, which she stated was an objection she had made consistently throughout the dissolution proceedings. George stated, "I do want the Court to know, and because I am making a record of this, that I have had an ongoing—I have made an ongoing objection, and I have objected every time. I objected last time, the time before that, the time before that, under 217 of the Family Code and . . . *In re the Marriage of Shimkus* [(2016) 244 Cal.App.4th 1262] as to the respondent's literally . . . never being here, not one time." In response, the family court judge, who was newly assigned to the matter, stated, "While you are making the record, I have, because I am new to the case, I took the opportunity to review the entire file, and I noted your objection, so we will note a continual objection." At another point, George stated, "I have always objected to not having [Deamon] here and objected to hearsay. I am not stipulating on the declarations. . . . I have objected to hearsay."

After hearing extensive comments from George and counsel for Deamon on the sanctions motion, the family court took the matter under submission. On November 28, 2017, the family court issued an order requiring that George pay $10,000 in sanctions to Deamon. The court found that "[Deamon] has met his burden of proof in showing that [George's] conduct as to the execution of the various proposed judgments caused him unnecessary attorney fees and costs including those incurred as a result of having to file

4

[a request for order] to enter judgment" and that George's "conduct warrants the imposition of attorney fees and costs as sanctions." The order set forth a list of all of the documents that the court considered in reaching its ruling, which included (1) the documents submitted by Deamon in a notice of lodgment and referenced in his declarations; and (2) the package of documents submitted by George at the hearing on the sanctions motion.

George timely filed a notice of appeal from the order imposing sanctions.

## II.

## DISCUSSION

George's appeal relies on a procedural challenge to the family court's order awarding sanctions. Citing the provisions concerning live witness testimony in section 217, George contends that the family court improperly based its ruling on the declarations and documents submitted by Deamon rather than requiring that Deamon provide live testimony to support his sanctions motion. George argues that under section 217, she had the right to present live testimony, including the right to cross-examine Deamon about the matters set forth in his declaration. According to George, because no live testimony was presented, the court's sanctions order was not proper.[5]

Section 217 provides as follows:

---

5    "A trial court's decision about the admissibility of evidence is ordinarily reviewed under the abuse of discretion standard. However, when the issue is one of law, a de novo standard applies. . . . Here, the interpretation of section 217 is an issue of law, and we therefore apply the de novo standard of review." (*In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 837, citation omitted (*Swain*).)

"(a) At a hearing on any order to show cause or notice of motion brought pursuant to this code, absent a stipulation of the parties or a finding of good cause pursuant to subdivision (b), the court shall receive any live, competent testimony that is relevant and within the scope of the hearing and the court may ask questions of the parties.

"(b) In appropriate cases, a court may make a finding of good cause to refuse to receive live testimony and shall state its reasons for the finding on the record or in writing. The Judicial Council shall, by January 1, 2012, adopt a statewide rule of court regarding the factors a court shall consider in making a finding of good cause.

"(c) A party seeking to present live testimony from witnesses other than the parties shall, prior to the hearing, file and serve a witness list with a brief description of the anticipated testimony. If the witness list is not served prior to the hearing, the court may, on request, grant a brief continuance and may make appropriate temporary orders pending the continued hearing." (§ 217.)

As the legislative history to section 217 provides, the statute "require[s] the court in a family law action to receive all live, competent, and relevant testimony at a hearing of an order to show cause or notice of motion, unless the parties stipulate otherwise or the court makes a finding of good cause to refuse to hear the testimony." (Legis. Counsel's Dig., Assem. Bill No. 939 (2009-2010 Reg. Sess.).)

As George interprets section 217, she had a right to present live testimony at the sanctions hearing unless the family court found good cause to exclude the testimony. We agree to a point. As the plain language of section 217 makes clear, *if* George had followed the proper procedures to present live competent testimony within the scope of the hearing, she would have had a right to do so at the sanctions hearing unless the family court found good cause to exclude it. However, as we will explain, George did *not* follow the proper procedures here to ensure that Deamon's live testimony was available

6

for the family court to receive at the sanctions hearing, and accordingly, the family court was not required to receive any such testimony.

Initially, we note that George has identified no rule that would require Deamon's presence—either in person or telephonically—at the sanctions hearing. Instead, as is proper, Deamon was represented at the hearing by counsel. (*In re Dolly D.* (1995) 41 Cal.App.4th 440, 445 ["The general rule is that personal appearance by a party at a civil proceeding is not essential; appearance by an attorney is sufficient and equally effective."].) Accordingly, to ensure Deamon's presence at the hearing so that she could cross-examine him about his declaration, George was required to serve Deamon with a notice to appear pursuant to Code of Civil Procedure section 1987, subdivision (b).[6] That provision sets forth a mechanism by which a party may compel the attendance of another party by serving that party with a notice to appear. (Code Civ. Proc., § 1987, subd. (b) ["In the case of the production of a party to the record of any civil action or proceeding . . . , the service of a subpoena upon any such witness is not required if written notice requesting the witness to attend before a court, or at a trial of an issue therein, with the time and place thereof, is served upon the attorney of that party or

---

[6] Unless otherwise provided by statute or rule, "rules of practice and procedure applicable to civil actions generally . . . apply to, and constitute the rules of practice and procedure in, proceedings under [the Family Code]." (§ 210.)

person.].)"[7]  Thus, although George contends that the family court should have based its ruling on the live testimony of Deamon, including her cross-examination of him, rather than solely on Deamon's declaration, George did not fulfill the procedural requirements to allow that to occur because she did not bring Deamon before the court to testify.  In the context of section 217, "the right to live testimony may be forfeited."  (*In re Marriage of Binette* (2018) 24 Cal.App.5th 1119, 1127 (*Binette*).)  Here, George effectively forfeited her right to present live testimony by not providing any live witnesses whose testimony the family court could "receive" pursuant to requirements of section 217, subdivision (a).

George also argues that Deamon's declarations were not properly before the family court because she "did not agree to stipulate to the admission of the declarations" and counsel for Deamon never affirmatively offered the declarations and documents into

---

[7]  Further, although George does not, in her appeal, specifically identify any witness other than Deamon whose live testimony she believes should have been presented at the sanctions hearing, had she desired to present any live witnesses *other than* a party to the action, she would have been required to comply with subdivision (c) of section 217, which she failed to do.  That subdivision provides:  "A party seeking to present live testimony from witnesses *other than the parties* shall, prior to the hearing, file and serve a witness list with a brief description of the anticipated testimony.  If the witness list is not served prior to the hearing, the court may, on request, grant a brief continuance and may make appropriate temporary orders pending the continued hearing."  (§ 217, subd. (c), italics added.)  George did not submit any witness list prior to the hearing, and at the hearing she did not request any continuance to permit her to do so.  Thus, George did not meet the procedural requirements to present any non-party testimony.  (See *Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 313 [family court properly refused to hold an evidentiary hearing to require a stepchild to testify in a visitation dispute when the party seeking the testimony had "not demonstrated that she complied with any of the requirements of section 217"].)

8

evidence.[8]  However, this argument fails because nothing in section 217 requires a party to offer evidence at a motion hearing when the motion is being decided solely based on the party's written submissions, because no party has taken proper steps to present live testimony.  When the parties fail to present any live testimony in support or opposition to a motion in family court, Code of Civil Procedure section 2009 controls, which—despite the hearsay rule—allows a motion hearing to be decided based on declarations.  (Code Civ. Proc., § 2009 ["An affidavit may be used . . . upon a motion, and in any other case expressly permitted by statute"].)  "While section 217 requires the court to receive 'relevant' testimony that is 'within the scope of the hearing' *when offered by the parties* (§ 217, subd. (a)), it does not foreclose the parties from submitting evidence through other means, such as declarations, pleadings, etc."  (*Binette*, *supra*, 24 Cal.App.5th at p. 1129, italics added, citing Code Civ. Proc., § 2009.)

As we will explain, George also has not established that any failure by the family court to make an express good cause finding to disallow Deamon's live testimony at the

---

8      George appears to rely on *In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262 (*Shimkus*) in support of her argument that counsel for Deamon was required to affirmatively offer the declarations and documents into evidence at the sanctions hearing. However, *Shimkus* is inapposite here.  *Shimkus* concerned an evidentiary hearing on a motion to terminate spousal support, at which the family court made clear that it would be " 'hearing the testimony orally.' "  (*Id*. at p. 1270.)  In such a circumstance, the party intending to rely on the declarations filed in support of its request for order was required to offer them or their substance into evidence by some means at the evidentiary hearing. (*Id*. at p. 1271.)  The declarations were not "automatically in evidence." (*Ibid*.)  Here, in contrast, the family court did not hold an evidentiary hearing because the parties did not take proper steps to present any live testimony.  Instead the family court properly proceeded to consider the sanctions motion based on the declarations and documents submitted prior to the hearing with no additional requirement that they be offered into evidence at the hearing on the motion.

hearing amounted to prejudicial error that reasonably could have had any bearing on the outcome of the sanctions motion.

As an initial matter, we acknowledge that it is not clear from George's comments at the hearing that she was invoking her right to call Deamon as a witness and cross-examine him pursuant to section 217. Although George referred to an ongoing "objection" under section 217 and *Shimkus*, and later stated that she was "not stipulating on the declarations," she did not expressly inform the family court that she was requesting that she wanted to call Deamon as a witness so that she could cross-examine him or that she was asking for a continuance to allow her to do so. Had the family court judge understood George's comments as a request to present live testimony from Deamon, the court would have been required to make a finding of good cause to refuse to receive that testimony, which it did not do. (§ 217, subd. (b) ["[i]n appropriate cases, a court may make a finding of good cause to refuse to receive live testimony and shall state its reasons for the finding on the record or in writing"].)

We nonetheless conclude that the family court's failure to make an express finding of good cause to refuse Deamon's live testimony could not have had a prejudicial impact on the outcome of the sanctions motion for two reasons. First, as we have explained, George did not take the proper steps to make Deamon available at the hearing so that she could cross-examine him had the family court permitted it, and she made no attempt to ask for a continuance of the hearing so that she could secure Deamon's live testimony. Therefore, even without a finding of good cause, the family court could not, as a practical matter, grant George's request to cross-examine Deamon. Second, even without a finding

10

of good cause, the family court is required to receive live testimony under section 217 only if that testimony is "relevant and within the scope of the hearing." (§ 217, subd. (a).) George presented no explanation in the trial court or in her appellate briefing as to how her cross-examination of Deamon would have related to any of the issues upon which the family court based its sanctions order. As shown by the family court's order, its ruling granting section 271 sanctions was based on the contents of the relevant draft judgments that George refused to sign and the timeline connected with her negotiations with Deamon's counsel on that issue.

George contends that *Swain*, *supra*, 21 Cal.App.5th 830 supports her position because it held that the family court was required to exclude a declaration filed by a party in connection with a motion in family court when the opposing party was unable to cross-examine the declarant. However, *Swain* is inapposite because of the specific circumstance there, in which the appealing party had no opportunity to take the appropriate steps to make the declarant available for cross-examination. In *Swain*, a former husband filed a motion to terminate spousal support, and the former wife did not respond and did not appear at the hearing. (*Id*. at p. 833.) The family court continued the hearing and ordered the parties to file updated income and expense declarations. (*Ibid*.) Prior to the next hearing, the former wife filed an updated income and expense declaration, but she did not serve it on the former husband. (*Id*. at pp. 832, 833.) He saw the former wife's updated income and expense declaration for the first time at the hearing, at which the former wife did not appear. (*Id*. at p. 834.) At the hearing, the former husband objected that the family court should not consider the income and expense

11

declaration because he had no opportunity to cross-examine his former wife about its contents. (*Ibid*.) The family court assured the former husband that it would not consider the declaration. (*Ibid*.) Nevertheless, the family court did end up considering the contents of the declaration in issuing its subsequent order ruling on the motion to terminate spousal support. (*Id*. at p. 835.) *Swain* held that, pursuant to section 217, the family court erred in relying on the former wife's declaration because the former husband was not able to conduct a cross-examination. "We agree that section 217 . . . precludes reliance on inadmissible hearsay over a party's objection (subject to the good cause provision of section 217, subdivision (b)), at least where the party has no opportunity for cross-examination." (*Swain*, at p. 837.) *Swain* explained that the hearsay exception created by Code of Civil Procedure section 2009, which allows a party to proceed by declarations in the context of a motion, "does not apply to a motion to modify a family law judgment where, as here, the opposing party seeks to exclude the declaration on the ground that he or she is unable to cross-examine the declarant. In that situation, the opposing party's objection not only seeks to exclude hearsay evidence, but also amounts to an assertion of the party's right under section 217 to 'live, competent testimony that is relevant and within the scope of the hearing.' " (*Swain*, at p. 841.)

*Swain* does not apply here because the former husband in *Swain* was precluded from taking any steps to obtain his former wife's live testimony so that he could cross-examine her about the content of her declaration. The first time that the former husband learned of the declaration was at the hearing, but the family court assured him that it would not consider the contents of the declaration. Under that circumstance, the former

husband "ha[d] no opportunity for cross-examination" and was completely "unable" to do so. (*Swain*, *supra*, 21 Cal.App.5th at pp. 837, 841.) Here, in contrast, George was fully aware well before the hearing that Deamon had submitted declarations in support of his motion for sanctions, and she therefore had the ability to take proper steps to assure that he was available for cross-examination at the hearing. Unlike the former husband in *Swain*, George was not "unable" to cross-examine Deamon. Instead, she failed to take the proper steps to secure his live testimony.[9]

Based on the above, we conclude that although in certain circumstances the family court is required by section 217 to receive live testimony when deciding a motion, the family court in this case did not prejudicially err by deciding the sanctions motion based on the declarations and documentary evidence alone.

DISPOSITION

The order is affirmed.

---

[9]     *Swain* is also different from this case because the former husband's cross-examination of the former wife about her income and expense declaration was centrally relevant to the issues presented in the motion to terminate spousal report, as shown by the family court's reliance on the declaration for its ruling. Here, in contrast, George has not explained how her ability to cross-examine Deamon would have had any bearing on the outcome of the family court's ruling on the sanctions motion. (See § 217, subd. (a) ["the court shall receive any live, competent testimony that is relevant and within the scope of the hearing"].)

13

                                                                IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


GUERRERO, J.