Filed 10/24/24  M.H. v. T.N. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| M.H., <br><br>     Appellant, <br><br> v. <br><br> T.N., <br><br>     Respondent. | D082039 <br><br><br><br> (Super. Ct. No. D554298) |

APPEAL from an order of the Superior Court of San Diego County, Michelle Ialeggio, Judge.  Affirmed.

M.H., in pro. per.; Albut Law and Christian J. Albut for Appellant.

Cage & Miles and John T. Sylvester for Respondent.

M.H. appeals the trial court's renewal of a restraining order against him.  He claims the court abused its discretion by denying him the right to present live testimony and refusing to grant a second continuance to pursue unspecified additional discovery.  He also argues that, because of these alleged errors and the trial court's admission of a restraining order from another case, his due process rights were violated.  M.H. has failed to show

that he was deprived a fair hearing or was precluded from presenting any relevant evidence or testimony.[1]  Accordingly, we affirm.

## I.

## BACKGROUND

In 2016, T.N. obtained a two-year domestic violence restraining order (DVRO) against M.H., her former romantic partner and the father of her child.  In 2018, T.N. requested, and was granted a five-year extension of the DVRO.

In January 2023, T.N. filed a petition seeking a further extension of the DVRO.  The trial court set a hearing for February 14, 2023.  At the February hearing, M.H. requested and was granted a continuance.  Neither party filed another request for continuance nor indicated to the court that they intended to call third-party witnesses.

At the continued hearing on March 13, 2023, T.N. and M.H. both appeared through counsel.  M.H. asked the court for a further continuance, stating he "would like to do a little more discovery in this case."  He also said he intended to "bring in the child monitor . . . and possibly some other witnesses to go through the discovery process, to do a little more discovery."  The trial court denied his request.

The court explained that its analysis was governed by California Rules of Court, rule 5.113.[2]  Under rule 5.113(b), when determining whether to permit live testimony, a court must consider "[w]hether a substantive matter is at issue—such as . . . requests for restraining orders"; "[w]hether material

---

[1]    M.H. spent much of his time at oral argument explaining his belief that the superior court judge and the broader legal system is biased against fathers, and him particularly.  That issue is not before this court in this appeal.

[2]    Further citations to rules refer to the California Rules of Court.

facts are in controversy"; "[w]hether live testimony is necessary for the court to assess the credibility of the parties or other witnesses"; and "[w]hether a party offering testimony from a non-party has complied with Family Code section 217[, subdivision] (c)."[3] The court found M.H. had not complied with section 217, subdivision (c), which requires that "[a] party seeking to present live testimony from witnesses other than the parties shall, prior to the hearing, file and serve a witnesses list with a brief description of the anticipated testimony." The court also found, with respect to the "substantive matter" to be resolved—the continuation of a DVRO—the issues were limited to whether a preponderance of the evidence established "that the protected party entertains a 'reasonable apprehension' of future abuse." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290.) Further, the court found that there were no material facts in dispute and that live testimony was not necessary to assess the credibility of any witnesses.

The court proceeded to consider proposed evidence lodged by T.N. In response to the court's request for M.H.'s position on this evidence, M.H. asked for a continuance, stating he "wasn't prepared to move forward today." He did not provide any reason he had not prepared, aside from suggesting that he anticipated that his request to conduct further discovery would be granted. The trial court denied the request, noting that M.H. had already been granted one continuance and the issue of live testimony or a further continuance had not previously been raised with the court. The court further noted that there was no room in its short-term schedule for a brief continuance.

After confirming that M.H. had received T.N.'s lodgments, the court again asked if he objected to the court taking judicial notice. M.H. did not

---

[3] Further statutory references are to the Family Code.

3

object but asked the court to consider "there is no actual [Final Order After Hearing] for [proffered] minute orders."  The court took judicial notice of T.N.'s evidence before hearing live testimony from both T.N. and M.H.  T.N. was cross-examined by M.H.'s attorney, while T.N.'s attorney declined to cross-examine M.H.  After closing statements, the trial court granted T.N.'s request for renewal of the DVRO.

M.H. appeals.

## II.

## DISCUSSION

M.H. does not challenge the substance of the court's ruling, instead claiming the court (a) abused its discretion by refusing to hear live testimony, (b) abused its discretion by failing to grant a continuance, and (c) deprived him of due process.  As explained below, we disagree with each of these contentions.

### A.    S*ection 217*

Under section 217, subdivision (a), "At a hearing on any order to show cause or notice of motion brought pursuant to [the Family Code], . . . the court shall receive any live, competent testimony that is relevant and within the scope of the hearing . . . ."  "A party seeking to present live testimony from witnesses other than the parties" must "file and serve a witness list with a brief description of the anticipated testimony" prior to the hearing. (*Id.*, subd. (c).)

"In appropriate cases, a court may make a finding of good cause to refuse to receive live testimony and shall state its reasons for the finding on the record or in writing."  (§ 217, subd. (b).)  The factors a court must consider are enumerated in rule 5.113(b), which provides:

4

"[A] court must consider the following factors in making a finding of good cause to refuse to receive live testimony under section 217:

> "(1) Whether a substantive matter is at issue—such as child custody, visitation (parenting time), parentage, child support, spousal support, requests for restraining orders, or the characterization, division, or temporary use and control of the property or debt of the parties;
>
> "(2) Whether material facts are in controversy;
>
> "(3) Whether live testimony is necessary for the court to assess the credibility of the parties or other witnesses;
>
> "(4) The right of the parties to question anyone submitting reports or other information to the court;
>
> "(5) Whether a party offering testimony from a non-party has complied with . . . Code section 217[,subdivision] (c); and
>
> "(6) Any other factor that is just and equitable."

Rule 5.113(c) states: "If the court makes a finding of good cause to exclude live testimony, it must state its reasons on the record or in writing. The court is required to state only those factors on which the finding of good cause is based."

On appeal, we review a trial court's finding of good cause under section 217 for abuse of discretion. (*In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 390.) "The trial court's order 'will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made.'" (*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.)

M.H. argues that the trial court abused its discretion by refusing to grant an "evidentiary hearing." However, the court in fact held an

evidentiary hearing, accepting proffered evidence and hearing live testimony from the parties.

The court is only required to receive live testimony from third parties under section 217 if that testimony is "relevant and within the scope of the hearing." (§ 217, subd. (a).) M.H. fails to explain how the testimony of the child's visitation monitor or potential other witnesses would have been relevant to the issues in dispute. He has thus failed to establish that he had a right to present these witnesses at all.

In any case, the trial court identified the correct legal standard and explained its reasoning on the record. Although he recites the factors under rule 5.113(b), M.H. fails to explain how any of these factors weighed in favor of additional testimony. Nor does he contest any of the bases for the trial court's assessment. M.H. has thereby forfeited any such arguments. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*) ["Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited].' "].)

Finally, any violation of section 217 is subject to harmless error analysis. (See *In re Marriage of Cohen* (2023) 89 Cal.App.5th 574, 582 (*Cohen*); *In re Marriage of George & Deamon* (2019) 35 Cal.App.5th 476, 484.) M.H. fails to make any argument that would show it was reasonably probable that the result of the proceedings below could have been different if live testimony had been presented. (See *Cohen*, at p. 582 [error harmless where it was "not reasonably probable that live testimony" would undermine the court's disposition].) He fails to respond to this specific argument in T.N.'s

6

respondent's brief. Independent of the other failings, this omission is fatal to M.H.'s arguments. (See *Nelson, supra*, 172 Cal.App.4th at p. 862.)

B. *Request for Continuance*

M.H. also claims the trial court improperly denied a continuance to permit him more time to conduct discovery or obtain the presence of his proposed witness. We review a trial court's denial of a continuance for abuse of discretion. (See *Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.) We "may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record. [Citation.] The burden rests on the complaining party to demonstrate from the record that such an abuse has occurred." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984–985.)

M.H. fails to point to any legal principles or factual circumstances that entitled him to a continuance. "One cannot simply say the court erred, and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) T.N.'s petition for renewal and documents in support, including her affidavit and documentary evidence, were filed on January 24, 2023. At the first hearing date, M.H. requested and was granted a continuance. M.H. then waited until the rescheduled hearing to inform the court that he "wasn't prepared" to proceed. He did not explain why he had failed to prepare or why he would require more time to obtain additional witnesses and evidence. M.H. has not carried his burden of demonstrating that the trial court abused its discretion by denying a continuance.

C. *Due Process*

M.H. argues his due process rights were violated. As an initial matter, the only heading in the argument section of his brief states: "It was *an Abuse of Discretion* not to Grant the Request for an Evidentiary Hearing or a

7

Continuance Based on Request." (Italics added.) " 'Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading.' " (*Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065.)

In any case, we disagree with this contention on the merits. M.H. suggests that the court deprived him of due process because it "interjected information and documents that were not part of the record" by "refer[ing] to a completely separate restraining order that was not subject of the renewal in this matter." M.H. is correct that the trial court took judicial notice of a civil restraining order against M.H., protecting a different party. This evidence was submitted along with T.N.'s petition in January 2023, and M.H. confirmed receiving it in advance of the hearing. M.H. did not object to the court taking judicial notice of this order. M.H. thus failed to preserve his objection for appeal. (See Evid. Code, § 353, subd. (a) [court cannot reverse a judgment for erroneous admission of evidence unless "[t]here appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion"]; *People v. Krebs* (2019) 8 Cal.5th 265, 323 [defendant forfeited argument that introduction of evidence violated due process by failing to object at the time it was offered].)

M.H. also generally claims that he was denied due process at the March 13 hearing. "Due process requires 'the right to be heard in a meaningful manner.' " (*In re Marriage of D.S. & A.S.* (2023) 87 Cal.App.5th 926, 935.) " 'A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses. . . .' " (*Ibid.*) As explained above, M.H. has not shown the court deprived him of any process to which he was entitled. M.H. testified on his own behalf and cross-examined T.N. He had

8

an opportunity to review her evidence in advance of the hearing and to object to its admission.  M.H. was not "precluded" from presenting contrary evidence; he simply failed to marshal it in time for the scheduled hearing. We see no unfairness in the trial court proceedings.

## III.

## DISPOSITION

The order is affirmed.  T.N. is entitled to her costs on appeal.

IRION, J.

WE CONCUR:

O'ROURKE, Acting P. J.

BUCHANAN, J.