Filed 7/29/25  Hampton v. Aguilar CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| DEREK HAMPTON, | B339090 |
| Petitioner and Appellant, | (Los Angeles County Super. Ct. No. 23WHPT00103) |
| v. | |
| JOSELIN AGUILAR, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maria May Santos, Judge.  Affirmed.

Weisberg Law Group and Devin Weisberg for Petitioner and Appellant.

No appearance for Respondent.

# INTRODUCTION

Appellant seeks to reverse a trial court's order setting child support, arguing the court denied his request to present live testimony without making a finding of good cause on the record as required by Family Code section 217, subdivision (b).[1] We affirm, concluding that appellant failed to preserve this issue for appeal or establish prejudicial error by the court below.

# FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a family law petition to determine parental relationship filed by appellant Derek Hampton (Hampton). Hampton and respondent Joselin Aguilar (Aguilar) have one minor child together.

On November 20, 2023, Aguilar filed a request for order seeking orders from the court on custody of their child, child support, visitation, and other matters. Though it is not clear from the record before us, it appears that the trial court scheduled the hearing on Aguilar's request for March 6, 2024.

On February 15, 2024, Hampton filed a request for an evidentiary hearing under section 217. Hampton's request did not include a witness list or otherwise identify who he intended to call to provide live testimony. Instead, Hampton's request only stated in general terms that he wanted the court to "receive any live testimony, competent testimony that is relevant and within the scope of the hearing schedule[d] to be heard on March 6, 2024."

A week later, Hampton filed a response to Aguilar's request for order. In his response, Hampton stated, "I agree that guideline support should be put into place, factoring in our respective incomes and considering my three

---

[1] All further statutory references are to the Family Code unless otherwise specified.

other children for whom I am primarily responsible." Hampton also stated that he was "humbly requesting hardship deductions in consideration of my three minor children . . . whom I care for full time. I pay the bulk of their expenses and they are included on my employer's health insurance." Hampton's response was accompanied by an income and expense declaration he prepared using Judicial Council form FL-150. The form included a section for "Special hardships," wherein a party could "ask the court to consider" certain "special financial circumstances." This section also contained space for Hampton to identify his "Expenses for [his] minor children who are from other relationships and are living with [him]." Hampton left this section of the form blank. Taken cumulatively, Hampton's filings did not offer any evidence regarding the amounts he expended on care for his other children or the amount of the hardship deduction he was seeking from the court.

The hearing on Aguilar's request for order was not reported. In lieu of a reporter's transcript of proceedings, Hampton has submitted a settled statement providing a narrative of what occurred at the hearing.[2] According to Hampton, "On 3/6/24, during the hearing on [Aguilar]'s Request for Order, [Hampton] again requested an evidentiary hearing. The Court denied [Hampton]'s request and [issued] an order for child support without an evidentiary hearing. The Court failed to make a finding of good cause to refuse . . . live testimony and failed to state its reasons for the finding on the record or in writing. [Hampton]'s counsel argued that [Hampton] should be entitled to a hardship deduction for his three other children [whom he provides cares for and] pays the bulk of their expenses. The Court denied the

---

[2] On September 25, 2024, the court certified Hampton's settled statement as an accurate summary of the hearing.

3

request, stating that no evidence has been presented regarding [Hampton]'s hardship."

On March 27, 2024, the trial court issued its ruling on Aguilar's request for order. In its ruling, the court stated that Hampton "filed a Request for Evidentiary Hearing pursuant to Family Code Section 217 in this matter on 2/15/2024. [Hampton]'s counsel repeated his request[] that the Court set an evidentiary hearing regarding child support in open court on 3/6/2024. The Court denies [Hampton]'s request for Evidentiary Hearing and proceeds to hear argument of counsel."

The trial court then denied Hampton's request for consideration of hardship factors "because the Court does not have any evidence before it regarding the amount of the hardship for each of [Hampton]'s three other children from other relationships." The court ordered Hampton to pay Aguilar $1,384 per month in child support.

Hampton timely appealed the court's order setting child support and denying his request to decrease his support obligation given his other children from other relationships.

## DISCUSSION

I. *Legal Standards*

On appeal, Hampton argues we must reverse the trial court's March 27, 2024, order setting child support because the court did not make a finding of good cause on the record in denying his request for live testimony under section 217.

Under section 217, subdivision (a), "At a hearing on any order to show cause or notice of motion brought pursuant to [the Family Code], . . . the court shall receive any live, competent testimony that is relevant and within

4

the scope of the hearing." "[T]he family court is required to receive live testimony under section 217 only if that testimony is 'relevant and within the scope of the hearing.'" (*In re Marriage of Deamon* (2019) 35 Cal.App.5th 476, 484 (*Deamon*).) Even if the anticipated testimony may be relevant, the trial court also has discretion to refuse to receive live testimony for good cause. (§ 217, subd. (b).) However, if the court finds good cause to exclude the testimony, it must "state its reasons for the finding on the record or in writing." (*Ibid.*)

When determining whether to refuse a request for live testimony under section 217, the court must consider "the rules of evidence" as well as: "(1) Whether a substantive matter is at issue—such as child custody, visitation (parenting time), parentage, child support, spousal support, requests for restraining orders, or the characterization, division, or temporary use and control of the property or debt of the parties; [¶] (2) Whether material facts are in controversy; [¶] (3) Whether live testimony is necessary for the court to assess the credibility of the parties or other witnesses; [¶] (4) The right of the parties to question anyone submitting reports or other information to the court; [¶] (5) Whether a party offering testimony from a non-party has complied with Family Code section 217(c); and [¶] (6) Any other factor that is just and equitable." (Cal. Rules of Court, rule 5.113(b).)

"A trial court's decision about the admissibility of evidence is ordinarily reviewed under the abuse of discretion standard. However, when the issue is one of law, a de novo standard applies." (*In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 837.) Any alleged violation of section 217 is subject to harmless error analysis. (See *In re Marriage of Cohen* (2023) 89 Cal.App.5th 574, 582; *Deamon, supra,* 35 Cal.App.5th at p. 484.)

5

II.	*Analysis*

1.	*Hampton Has Not Preserved this Issue for Appeal*

There is no doubt that Hampton expressly sought to invoke the requirements of section 217 when he filed a request for an evidentiary hearing. Nor is there any doubt that Hampton's counsel renewed this request at the March 6, 2024, hearing on Aguilar's request for order. However, Hampton's request for an evidentiary hearing did not identify whose live testimony he intended to offer at the hearing. Hampton's settled statement from the March 6 hearing indicates only that Hampton renewed his previous request. Nothing in the record suggests that Hampton made an offer of proof at the March 6 hearing or identified the witnesses whom he wanted to call to testify or the general substance of their testimony. (See *Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["if it is not in the record, it did not happen"].) On the record before us, we must presume that Hampton renewed his general request for live testimony without identifying to the court whom he intended to call or what testimony they would offer. This is fatal to his appeal.

The purpose of an offer of proof is to advise the trial court of the "substance, purpose, and relevance" of potential evidence. (Evid. Code, § 354, subd. (a).) "In general, a judgment may not be reversed for the erroneous exclusion of evidence unless 'the substance, purpose, and relevance of the excluded evidence was made known to the court by the questions asked, an offer of proof, or by any other means.' [Citations.] This rule is necessary because, among other things, the reviewing court must know the substance of the excluded evidence in order to assess prejudice. [Citations.]" (*People v.*

6

*Anderson* (2001) 25 Cal.4th 543, 580; *Gordon v. Nissan Motor Co., Ltd.* (2009) 170 Cal.App.4th 1103, 1113.)

Here, Hampton made no offer of proof to the trial court below or in his appellate brief. He has never identified whose live testimony he intended to offer or set out the substance, purpose, or relevance of that testimony. In the absence of such a showing, we can only conclude that Hampton has failed to preserve any error in the exclusion of such testimony for appeal. (*Magic Kitchen LLC v. Good Things Intern., Ltd.* (2007) 153 Cal.App.4th 1144, 1164–1165 ["plaintiffs have not demonstrated that they made an offer of proof at trial, nor have they given this court any information about the substance of the documents or testimony that would allow us to conclude that their exclusion was erroneous . . . . Because plaintiffs apparently failed to make an offer of proof, the issue was not preserved for appeal"]; *Gutierrez v. Cassiar Min. Corp.* (1998) 64 Cal.App.4th 148, 161 [a claim of error in the exclusion of testimony "is not preserved" for appeal where defendant "fail[ed] to make an offer of proof or other proper record" of the excluded testimony].)

Absent an offer of proof or other statement of the substance, purpose, and relevance of the live testimony excluded by the court, we conclude Hampton has failed to preserve this issue for appeal, and we must affirm the court's order.

2. *Hampton Has Not Established Error by the Trial Court*

The same result would follow even if we were to reach the merits of Hampton's argument. *Segal v. Fishbein* is instructive. There, an ex-husband argued the trial court erred by denying his request to cross-examine his ex-wife without making a finding of good cause on the record under section 217. (*Segal v. Fishbein* (2023) 89 Cal.App.5th 692, 708 (*Segal*).) The appellate

7

court rejected his argument, noting that "Even without a finding of good cause, the court is required to receive live testimony under section 217 *only if* that testimony is 'relevant and within the scope of the hearing.'" (*Ibid.*, quoting § 217.) The appellate court noted the ex-husband "failed to explain with specificity, either in the trial court below or in his briefing on appeal," that the testimony he sought to adduce from his former spouse was relevant or within the scope of the hearing, such as to trigger the good cause requirement imposed by section 217. (*Id.* at p. 708.) On such facts, the *Segal* court concluded the trial court "did not prejudicially err" in denying the request for cross-examination under section 217 without making a good cause finding. (*Id.* at p. 710.)

The same result follows here. Nothing in the record before us suggests that Hampton identified any *relevant* live testimony that he intended to offer that triggered the requirements of section 217. The same is true on appeal. Hampton's appellate brief is silent as to who he planned to call to testify, what they would say, or how it was relevant to Aguilar's request for child support or his claimed hardship deduction. Hampton argues in conclusory fashion that he was denied the opportunity to present live testimony and evidence at the hearing without identifying what testimony or evidence he was prohibited from offering. Under *Segal*, such "general statement[s], without more, [are] not enough." (*Segal*, *supra*, 89 Cal.App.5th at p. 709.)

We note that if Hampton intended to call a non-party witness to testify at the hearing, he had to "file and serve a witness list with a brief description of the anticipated testimony" before the hearing. (§ 217, subd. (c).) He did not do so. If Hampton intended to testify himself, this is not stated anywhere in the record on appeal or his appellate briefing. Moreover, we note Hampton had the opportunity to provide evidence of his expenses related to the care of

his other children in the income and expense declaration he filed in response to Aguilar's request for order. Yet, Hampton chose to leave that section of his income and expense declaration blank and submitted no supporting documentation to the court on the subject. On this record, we cannot presume that Hampton had relevant testimony to offer on the calculation of child support.

As Hampton has not established that there was relevant live testimony to offer at the March 6 hearing, we must conclude the court did not prejudicially err in denying his request for live testimony without making a good cause finding on the record. (*Segal*, *supra*, 89 Cal.App.5th at pp. 708–710; accord *Deamon, supra,* 35 Cal.App.5th at p. 484 [holding that trial court's failure to make a finding of good cause was not prejudicial where appellant "presented no explanation in the trial court or in her appellate briefing as to how" the excluded testimony was relevant and within the scope of the hearing to trigger § 217].)

## DISPOSITION

The order is affirmed. Aguilar is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, P. J.

We concur:

COLLINS, J.

TAMZARIAN, J.

9