Filed 8/19/25  Schrader v. Watts CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ERIC SCHRADER,<br><br>Respondent,<br><br>v.<br><br>STEPHANIE WATTS,<br><br>Appellant. | 2d Civ. No. B334308<br>(Super. Ct. No. 17FL-0248)<br>(San Luis Obispo County) |

Stephanie Watts (Mother) appeals an order of the family court denying her request to modify the permanent order granting Father sole legal and physical custody.  We have examined the record and conclude no abuse of discretion occurred.  We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND
### Original Custody and Visitation Order

Mother and Father began divorce proceedings in San Luis Obispo County in 2017.  Their only child, daughter S.S., was born in 2015.  Mother returned to her hometown in Tulare County after the couple separated.  Father remained in San Luis Obispo.

A protracted custody dispute followed, driven largely by Mother's allegations that Father and paternal grandmother had physically and sexually abused S.S.

The family court held a trial on custody and visitation over 17 days in 2022. It issued a 41-page statement of decision in November of that year. The court found Mother did not prove her allegations of abuse. "[T]he evidence supports the more likely conclusion," it stated, "that Mother's statements to and actions toward [S.S.] since the parties' separation have caused [S.S.] to incorrectly report incidents of sexual and physical abuse. Mother has been persistent – in fact, relentless – in her efforts to have the court make abuse findings against Father and Father's family members. It appears that Mother believes that Father is a risk to [S.S.], so Mother has resorted to manipulating and enlisting others – including [S.S.] – to support contrived abuse allegations so that [S.S.] will not have unsupervised time with Father. While the court may never know what occurred between Mother and [S.S.] or Father and [S.S.], Mother's actions have severely damaged Mother's credibility and are harmful to [S.S.]'s current and long-term well-being."

The family court entered judgment in March of 2023.[1] Father received sole legal and physical custody. The court required a professional supervisor to attend Mother's visits with S.S. It limited her contact with S.S. during non-custodial time to written, prescreened communications. It specified Mother "shall not accompany the minor child to the bathroom, [and] that [Mother] shall not look under, take off or change child's clothes during visits." It directed Father to ensure S.S. attended "regular

---

[1] We take judicial notice of the March 1, 2023 judgment on our own motion. (Evid. Code, §§ 452, subd. (c), 459.)

2

health care appointments" and "therapy until released . . . by the therapist." Mother did not appeal the judgment.[2]

### Mother's Request for Order Denying S.S.'s Move and Modifying Custody and Visitation

Father told Mother in April of 2023 that he intended to move from San Luis Obispo County to Ventura County, where he planned to work for a business owned by his wife's family. Mother objected. She filed a request, later amended, for an order denying the move and modifying the judgment to award her sole legal and physical custody. In her supporting declaration, Mother questioned Father's motives in choosing to move, and stated that moving would make visiting S.S. more difficult and expensive. Mother also criticized the family court's custody and visitation findings supporting the judgment, especially those relating to her allegations of physical and sexual abuse. She alleged "significant changes in circumstances" required a change in custody.

### The Family Court Grants Father's Move Request and Denies Mother's Request to Modify

The family court bifurcated mother's requests. It received testimony from Mother, maternal grandmother, Father and Father's wife on July 26, 2023 on the issue of whether moving to Ventura would be detrimental to S.S. It granted the move request. It then ordered the parties to mediate related custody and visitation issues.

The parties returned to court on December 4, 2023 after failing to resolve any issues in mediation. The family court

---

[2] Mother did appeal the family court's order awarding Father spousal support. We affirmed the award in a prior opinion. (*Schrader v. Watts* (Feb. 20, 2025, B330648) [nonpub. opn.].)

announced it would first decide the "threshold issue of whether or not there's a material change of circumstances shown by [Mother] in order for the Court to entertain a modification of custody and visitation." Mother represented herself. She testified and argued first, followed by Father's counsel and minor's counsel. The family court announced its ruling from the bench. It explained that each issue raised by Mother was previously adjudicated at trial in 2022. The court denied Mother's request, stating: "What that means is that things are unchanged, that there's a lack of a material change of circumstance." Written findings and order were filed on April 23, 2024. Mother appealed the December 4 decision.[3]

## DISCUSSION

Father did not file a respondent's brief. Regardless, it remains Mother's "affirmative burden to show error." (*In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 854.) We review custody and visitation orders for abuse of discretion. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)

Mother contends her due process rights were violated because the court refused to give her an adequate hearing on her request to modify custody and visitation. We disagree.

Family Code section 217 mandates that the court receive "live, competent testimony that is relevant and within the scope of the hearing" at a hearing on any family law motion absent a stipulation of the parties or a finding of good cause. (Fam. Code,

---

[3] Mother appealed before the family court filed its written findings and order. We exercised our discretion to treat her premature notice of appeal as timely in our order dated July 12, 2024. (Cal. Rules of Court, rule 8.104(d)(2).) This notice identifies the family court's December 4 decision as the appealed judgment. It does not refer to the July 26 move-away decision.

4

§ 217, subd. (a).) A party seeking to present live testimony from a witness other than a party must "prior to the hearing, file and serve a witness list with a brief description of the anticipated testimony." (*Id.*, subd. (c).) A court finding good cause not to receive live testimony "shall state its reasons for the finding on the record or in writing." (*Id.* subd., (b).)

Mother testified at the modification hearing about her concerns over Father's care for S.S. Mother stated S.S.'s maternal grandmother and other witnesses were present to testify about her concerns. When asked if she was finished, Mother stated, "I request that the Court hears the rest of the witnesses on my modification of custody." The court did not respond directly to this request but explained that Mother had not shown a material change in circumstance. It then denied her request to modify custody or visitation.

Mother was not entitled to present any additional live testimony because she did not file a witness list or summarize anticipated testimony as required under Family Code section 217, subdivision (c). Mother also forfeited any right she may have had to cross-examine Father by failing to serve him with a notice to appear pursuant to Code of Civil Procedure section 1987, subdivision (b). (*In re Marriage of George & Deamon* (2019) 35 Cal.App.5th 476, 483.) The family court did not abuse its discretion in not allowing additional live testimony.

To the extent Mother also contends there was insufficient evidence to support the court's order, Mother waived that contention by failing to summarize the evidence favorable to the court's order. (*Brockey v. Moore* (2003) 107 Cal.App.4th 86, 96 ["Failure to set forth [all of] the material evidence on an issue waives a claim of insufficiency of the evidence"].)

We would affirm even if Mother had not waived. No abuse of discretion occurred. Substantial evidence supports the family

5

court's finding that Mother did not make a sufficient showing of changed circumstances. "[A] party seeking to modify a permanent custody order can do so only if he or she demonstrates a significant change of circumstances justifying a modification." (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256.)

Mother devoted a significant part of her moving papers and testimony to the same allegations of abuse and neglect the family court considered after a lengthy trial. She does the same in her briefing on appeal. The post-judgment circumstances she describes, e.g., S.S.'s upper respiratory issues, sunburns, and school difficulties, echo concerns she raised at trial about Father's alleged inattention to S.S.'s wellbeing. Her ongoing concerns, without more, do not constitute a significant change of circumstances justifying a modification of custody or visitation.

We have reviewed Mother's other contentions and find them to be without merit.

## DISPOSITION

The trial court's findings and order dated April 23, 2024, denying Mother's request to modify custody and visitation is affirmed. Respondent did not appear and shall not recover costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.

We concur:



GILBERT, P. J.          BALTODANO, J.

6

Erin Childs, Judge
Superior Court County of San Luis Obispo

_____

Stephanie Watts, in pro per, for Appellant.
No appearance for Respondent.